# United States Court of Appeals
## For the First Circuit

No. 16-1294

UNITED STATES OF AMERICA,

Appellee,

v.

KELVIN MÁRQUEZ-GARCÍA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Mainon A. Schwartz, Assistant United
States Attorney, on brief for appellee.

July 5, 2017

**SELYA**, **Circuit Judge**.  Defendant-appellant Kelvin Márquez-García mounts a multifaceted challenge, on both procedural and substantive grounds, to a 24-month sentence imposed following the revocation of a term of supervised release.  After careful consideration, we summarily affirm.  See 1st Cir. R. 27.0(c).

## I.

We briefly rehearse the relevant facts.  In December of 2012, the appellant pleaded guilty to the unlawful possession of a machine gun.  See 18 U.S.C. § 922(o).  The district court sentenced him to a 21-month term of immurement, to be followed by three years of supervised release.  The appellant served his prison sentence and embarked upon his supervised release term in August of 2014.  Two days shy of a year later, he was found to be in possession of yet another gun.

In due course, the appellant pleaded guilty to a charge of being a felon in possession of a firearm.  See id. § 922(g)(1).  For this offense, the district court imposed a fresh 48-month term of imprisonment, to be followed by three more years of supervised release.  No disposition was made at that time with respect to the appellant's apparent violation of his original supervised release term.

In September of 2015, the probation officer moved to revoke the original supervised release term based on the conduct underlying the appellant's felon-in-possession charge.  The

- 2 -

district court convened a revocation hearing, at which the appellant conceded the violation. The court revoked the original period of supervision; noted that the appellant's felon-in-possession conviction was a Grade B violation, see USSG §7B1.1(a)(2); and calculated the advisory guideline sentencing range (GSR) at four to ten months, see id. §7B1.4(a). Because the underlying offense (unlawful possession of a machine gun) was a Class C felony, see 18 U.S.C. §§ 924(a)(2), 3559(a), the maximum permitted term of imprisonment was 24 months, see id. § 3583(e)(3).

The appellant urged the court to sentence him at the bottom of the GSR. The government asked for a sentence at the top of the GSR. After considering the sentencing factors limned in 18 U.S.C. § 3583(e), the court sentenced the appellant to a 24-month term of immurement, to run consecutively to his 48-month sentence on the felon-in-possession charge. This timely appeal followed.

## II.

The appellant challenges his revocation sentence on both procedural and substantive grounds. We discuss his claims of error one by one.

## A.

To begin, the appellant asserts that the district court failed to give due consideration to the section 3583(e) factors. As a general matter, appellate courts review preserved claims of sentencing error for abuse of discretion. See Gall v. United

- 3 -

States, 552 U.S. 38, 41 (2007).  But when a party has failed to raise a particular claim of error before the sentencing court, appellate review is normally limited to plain error.  See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015).  To vault the formidable hurdle imposed by plain error review, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).  Because the appellant raises his section 3583(e) claim for the first time on appeal, our review is for plain error.

Section 3583(e) sets forth various factors that a sentencing court must consider before imposing a revocation sentence.  This statute incorporates some, but not all, of the familiar sentencing factors enumerated in 18 U.S.C. § 3553(a).  See United States v. Vargas-Dávila, 649 F.3d 129, 131 (1st Cir. 2011).  These incorporated factors include, as relevant here, the history and characteristics of the offender, see 18 U.S.C. § 3553(a)(1); the nature and circumstances of the new offense, see id.; the need to deter further criminal conduct, see id. § 3553(a)(2)(B); and the need to protect the community from the offender's penchant for criminal behavior, see id.

- 4 -

§ 3553(a)(2)(C). Although a sentencing court must consider each of the factors that section 3583(e) identifies, the court is not obliged to address these factors "one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). Rather, the court need only identify the principal factors upon which it relies to reach its sentencing decision. See United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir. 2006).

During the revocation hearing, the district court stated that it had considered all of the section 3553(a) factors. This statement, in and of itself, is "entitled to significant weight." United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014). Here, moreover, the court made particular reference to those factors that it found most salient: the appellant's criminal history, the serious nature and circumstances of his new offense, the risk that his recidivist behavior posed to the community, and the need to deter future criminal conduct. The fact that the court did not explicitly mention the rest of the section 3583(e) factors in its analysis does not mean that it failed to consider them. See Turbides-Leonardo, 468 F.3d at 41 (explaining that, in this context, "silence is not necessarily fatal"). We hold, therefore, that the sentencing court committed nothing approaching plain error with respect to its treatment of the section 3583(e) factors.

Relatedly, the appellant claims for the first time on appeal that the district court erred in considering certain factors before imposing his revocation sentence. Specifically, he takes issue with the court's reliance on the serious nature of his new offense and the risk that his criminal behavior posed to the community. The appellant contends that courts may only consider such factors when imposing a sentence for the offense that triggered revocation, not when imposing the revocation sentence itself.

We review the appellant's contention for plain error and discern none. The contention contradicts the clear language of section 3583(e), which expressly incorporates the strictures of section 3553(a) requiring sentencing courts to consider "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), and the need "to protect the public from further crimes of the [offender]," id. § 3553(a)(2)(C), before revoking a supervised release term and imposing sentence. See id. § 3583(e)(3). Consequently, it was both necessary and proper for the district court to consider the challenged factors when imposing the revocation sentence.[1]

---

[1] To the extent that the appellant's contention can be read as arguing that the court could not use his new offense conduct both as a basis for sentencing him in connection with the new offense and as a basis for sentencing him in connection with the

- 6 -

Next, the appellant argues that the district court erred by mischaracterizing his underlying machine gun offense as a Class C felony rather than a Class A felony. This argument lacks force.

The maximum sentence for unlawful possession of a machine gun is ten years. See id. § 924(a)(2). Since Class C felonies are offenses that bear incarcerative terms of 10 to 25 years, see id. § 3559(a)(3), the appellant's original offense was — as the district court ruled — a Class C felony.

We add, moreover, that the revocation of a supervised release term imposed for the commission of a Class A felony is subject to a five-year maximum sentence. See id. § 3583(e)(3). By contrast, the revocation of a supervised release term imposed for the commission of a Class C felony is subject to a two-year maximum sentence. See id. In this instance, the sentencing court properly identified the applicable statutory maximum revocation sentence (two years). Given the facts of this case, there is no reason to believe that an error in the classification of the underlying felony (if one occurred) was anything but harmless.

---

supervised release violation, he is simply wrong. See United States v. Coombs, 857 F.3d 439, 451 (1st Cir. 2017) (explaining that nothing prevents a court from sentencing a defendant for the same transgression "both as a criminal and as a supervised release violator").

The appellant's last claim of procedural error is that the district court failed adequately to explain its reasoning for imposing an upwardly variant sentence. This claim was not advanced below and, thus, engenders plain error review. See Ruiz-Huertas, 792 F.3d at 226.

The Supreme Court has admonished that a sentencing court ought to state its reasons for imposing a particular sentence, "including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 50-51. Such an explanation, though, need not be "precise to the point of pedantry." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014). Instead, the court's duty to explicate its reasoning for imposing a variant sentence requires only a coherent justification.[2] See id.

The district court's explanation for imposing an upwardly variant 24-month sentence is admittedly terse. But no more is exigible under plain error review where, as here, the sentence imposed follows "by fair inference from the sentencing record." United States v. Montero-Montero, 817 F.3d 35, 38 (1st

---

[2] This justification requirement is at its lowest ebb in the revocation context. While the sentencing guidelines have been deemed advisory since the Supreme Court's landmark decision in United States v. Booker, 543 U.S. 220, 245-46 (2005), the guidelines for revocation sentences were written, in the first instance, merely as non-binding policy statements, see United States v. Work, 409 F.3d 484, 492 (1st Cir. 2005), and so remain.

Cir. 2016). This proposition has special bite when one considers the celerity with which the appellant procured another gun while on supervised release for his earlier machine gun conviction. See, e.g., United States v. Vázquez-Martínez, 812 F.3d 18, 24 (1st Cir. 2016) (affirming imposition of upwardly variant sentence under analogous circumstances).

In all events, the district court noted the principal factors upon which it relied, including the binary need to protect the public from, and to deter further criminal conduct by, an offender who committed a gun-related felony less than a year after completing a substantial incarcerative term for unlawful possession of a machine gun. See United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015) (observing that sentencing court "need only identify the main factors behind its decision"). For the purpose of plain error review, the court sufficiently explained its rationale by touching upon each of the factors that it supportably found significant. We hold, therefore, that the district court did not commit plain error in explaining its reasons for imposing the upwardly variant revocation sentence.

## E.

This leaves the appellant's claim that his 24-month revocation sentence is substantively unreasonable. Specifically, he submits that the district court offered no credible explanation for imposing an upwardly variant sentence. The standard of review

for claims of substantive unreasonableness is "somewhat blurred." Ruiz-Huertas, 792 F.3d at 228. In order to skirt this murky area, we assume, favorably to the appellant, that the abuse-of-discretion standard of review applies. See, e.g., id. (making similar assumption).

Under the abuse-of-discretion standard, a sentence is substantively reasonable as long as the sentencing court provided a "plausible sentencing rationale" and "reached a 'defensible result.'" United States v. Rodríguez-Adorno, 852 F.3d 168, 177 (1st Cir. 2017) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). There are typically "a broad range of reasonable sentences that can apply in any given case." Id. A procedurally correct sentence will be vacated on the ground of substantive unreasonableness only if it "falls outside the expansive boundaries" of the universe of reasonable sentences. Martin, 520 F.3d at 92.

Here, the sentencing court articulated a plausible rationale for imposing the upwardly variant sentence. It noted the short time that had elapsed between the appellant's release from prison and his commission of a new, gun-related crime; the serious (and repetitive) nature of the new offense; the danger presented to the community by the appellant's unrepentant behavior; and the need for deterrence. Contrary to the appellant's

self-serving suggestion, this rationale goes well beyond a mere reference to his felon-in-possession conviction.

We are likewise persuaded that the district court reached a defensible result.  The appellant had been on supervised release for less than a year when he was arrested on the felon-in-possession charge, and he had two years of his original supervised release term remaining at that time.  This recidivist behavior and its timing combined to make manifest a gross disrespect for the conditions of his supervision and constituted hard evidence that the appellant's earlier incarceration had not taught him any lasting lessons.  Although the sentence imposed is stern, the court acted within the wide encincture of its discretion by meting out a 24-month sentence to an appellant who had, figuratively, thumbed his nose at the justice system.

That ends this aspect of the matter.  In view of the district court's plausible sentencing rationale and its fashioning of a sentence within the "broad range of reasonable sentences," Rodríguez-Adorno, 852 F.3d at 177, the appellant's claim of substantive unreasonableness perforce fails.  There was no abuse of discretion.

## III.

We need go no further. For the reasons elucidated above, the sentence is summarily

**Affirmed.**  See 1st Cir. R. 27.0(c).