# United States Court of Appeals
## For the First Circuit

No. 16-2222

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS ALEJANDRO-ROSADO,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

Edgar L. Sanchez-Mercado and ESM Law Office on brief for appellant.

B. Kathryn Debrason, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

December 23, 2017

**THOMPSON**, **Circuit Judge**. This appeal bores out of a district court's imposition of a twenty-four month sentence (the statutory maximum) on Luis Alejandro-Rosado for violating his terms of supervised release. At the revocation hearing, Alejandro-Rosado admitted to the multiple violations the government accused him of committing and asked that the court sentence him within the Guideline Sentencing Range (of four to ten months). After hearing lengthy arguments pertaining to both Alejandro-Rosado's violations as well as the purported mitigating factors presented, the court nonetheless decided the proper sentence was the statutory maximum. Alejandro-Rosado now appeals this sentence as unreasonable. Having reviewed the record, case law, and arguments, we find that the district court exercised reasonable sentencing procedure and arrived at a substantively reasonable result. We therefore affirm.

## A. Getting Our Factual Bearings

Alejandro-Rosado was originally convicted of receiving a firearm as a person under indictment in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D), a class D felony. He was sentenced to thirty-six months' imprisonment and three years of supervised release. His incarceration ended on January 15, 2015, and he immediately began serving his term of supervised release. On June 22, 2016, and July 7, 2016, the United States Probation Office filed motions notifying the district court of nine separate

violations of Alejandro-Rosado's supervised release terms that had occurred between July 2015 and June 2016.

The violations were as follows. In July 2015, Alejandro-Rosado failed his first drug test. He again failed drug tests on August 14, 2015, August 21, 2015, and November 30, 2015. On May 5, 2016, Alejandro-Rosado was observed handling a firearm and changing the magazine. That same day he was witnessed selling cocaine. On May 18, 2016, Alejandro-Rosado was arrested for being in possession of synthetic marijuana and prescription pain pills (and provided an admission to being the owner of the contraband). Moreover, canines twice alerted officers to weapons in his apartment. A June 28, 2016, search of his apartment by a probation officer found more drugs and a notebook that contained the names of various inmates, their register numbers, and numerical quantities of money.[1] Next to one entry read: "transaction as soon as possible so that he not be beheaded." Alejandro-Rosado does not dispute committing the violations.

On September 14, 2016, the district court conducted a revocation hearing to determine Alejandro-Rosado's sentence. The government asked that the defendant be sentenced to the statutory maximum of twenty-four months. Though Alejandro-Rosado admitted to committing violations, he asked that the court, in consideration

_____

[1] As an example, these notebook entries had the following format: "Antonio Hernandez-Vilar, 97440-020 $100."

- 3 -

of mitigating factors, impose a sentence of four to ten months pursuant to the sentencing guidelines.[2] Among the factors Alejandro-Rosado raised were his poor physical health, psychological well-being, misunderstanding of release terms, and full acceptance of responsibility for his violations. Though the district court acknowledged that the guidelines recommended a four to ten month sentence, it reasoned that the twenty-four month sentence was nonetheless sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a). In deviating from the guidelines, the court explained that a higher sentence was necessary in order to "(1) reflect the seriousness of the violations, (2) promote respect for law, (3) provide just punishment for the offenses, (4) afford adequate deterrence, and (5) protect the public from future crimes" by Alejandro-Rosado. Alejandro-Rosado concedes that the district court had discretion to impose this sentence, but now appeals it as unreasonable.

## B. Analysis

### 1. Procedural Reasonableness

Alejandro-Rosado first challenges the procedural reasonableness of his sentence. While we generally review a

---

[2] Under U.S.S.G. § 7B1.1(a), the violations committed by Alejandro-Rosado were determined to be grade B violations because he was in possession of a firearm. Based on a criminal history category of I, the sentencing range for grade B violations is four to ten months. U.S.S.G. § 7B1.4(a).

sentence following revocation of supervised release for abuse of discretion, see United States v. Butler-Acevedo, 656 F.3d 97, 99 (1st Cir. 2011), Alejandro-Rosado did not object to the procedural reasonableness of his sentence below and it is therefore unpreserved.  We review an unpreserved procedural challenge for plain error, a steep climb for defendants on appeal.  See United States v. Soto-Soto, 855 F.3d 445, 448 (1st Cir. 2017); United States v. Rodríguez-Meléndez, 828 F.3d 35, 38 (1st Cir. 2016).  To prevail under plain error review, a defendant must show "(1) that an error occurred (2) which was clear and obvious and which not only (3) affected his or her substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Rodríguez-Meléndez, 828 F.3d at 38 (quoting United States v. Roy, 506 F.3d 28, 30 (1st Cir. 2007)).

Under Gall v. United States, 552 U.S. 38, 49-50 (2007), the Supreme Court outlined the procedural framework that district courts should use in determining a sentence.  In particular, it explained that (1) the court must calculate the applicable guidelines sentencing range, (2) it must allow both sides to argue for the sentence they feel is appropriate, and (3) it must then consider the relevant § 3553(a) factors before imposing its ultimate sentence.  Id.  Here, Alejandro-Rosado contends that the district court procedurally erred when (1) it failed to consider certain mitigating factors and (2) it varied beyond the recommended

- 5 -

range.  The government disagrees, arguing that the district court specifically addressed the mitigating factors and adequately justified the upward variance.  We agree with the government on both of these procedural challenges.

Alejandro-Rosado's contention that the court did not adequately consider mitigating factors does not hold water. Indeed, while the district court must consider all § 3553(a) factors, it need not do so in "some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006).  A defendant is entitled to raise mitigating factors but "[m]erely raising potentially mitigating factors does not guarantee a lesser sentence." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010).  Here, the district court heard vigorous arguments on Alejandro-Rosado's mitigating factors. The court acknowledged these arguments and then stated the § 3553(a) factors it considered before ruling. This procedure evidences adequate consideration of the factors. See United States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir. 2015) (finding no plain error when counsel vigorously argued the mitigating factors and the district court acknowledged the arguments); see also United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (explicit statements that the court considers certain factors are "entitled to some weight").  Though the district court's consideration was unfavorable to the defendant,

the fact that it weighed some factors more heavily than others does not amount to procedural error. See United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015) ("While the defendant points to some mitigating considerations, a sentencing court is entitled to conduct an appropriate triage and weigh some factors more heavily than others.").

Alejandro-Rosado's second procedural challenge is also easily put to rest. Alejandro-Rosado submits that the court erred when it upwardly varied from the guideline standard, but this argument misconceives the court's obligation. While upward variants should be justified, all that's required is that the district court offer a "plausible and coherent rationale" for its variance. United States v. Guzman-Fernandez, 824 F.3d 173, 178 (1st Cir. 2016) (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014)). Moreover, under plain error review, the district court need only "touch[] upon each of factors that it supportably found significant." United States v. Márquez-García, 862 F.3d 143, 147 (1st Cir. 2017). Here, the district court articulated a plausible and coherent rationale for its determination when it listed each violation, emphasized the severity of each, and observed that Alejandro-Rosado is "unable to comply with the law or the conditions" of release. Though not long winded, we do not require an exhaustive justification, and thus the district court's articulation of its reasoning was

procedurally reasonable. See id. (finding even an "admittedly terse" justification sufficient under plain error review).

### 2. Substantive Reasonableness

Alejandro-Rosado also seems to argue that the district court's sentence was substantively unreasonable. The government, again, disagrees and argues that the sentence was plausibly reasoned and resulted in a defensible outcome. We agree with the government.

The standard of review for substantive reasonableness is "somewhat blurred" when it comes to unpreserved challenges to the substantive reasonableness of a federal sentence. See Ruiz-Huertas, 792 F.3d at 228. As we have done numerous times before, we "skirt this murky area" and assume, favorably for Alejandro-Rosado, that the standard of review is abuse of discretion. Márquez-García, 862 F.3d at 147; see also Ruiz-Huertas, 792 F.3d at 228 (making similar assumption). As both parties concede, the inquiry for substantive reasonableness is whether the sentencing rationale is plausibly reasoned and resulted in a defensible outcome. See United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Because "in most cases there is not a single appropriate sentence, but rather a universe of reasonable sentences," United States v. Rivera-González, 776 F.3d 45, 52 (1st Cir. 2015), sentencing often becomes "a judgment call." Martin, 520 F.3d at 92. We will reverse only where the sentence is either outside the

"universe of reasonable sentences" or was implausibly reasoned. Rivera-González, 776 F.3d at 52. We turn first to the inquiry of whether the sentence was within the universe of reasonableness.

We need not go far to determine that it was because one of our recent decisions is directly on point. In United States v. Márquez-Garcia, a twenty-four month sentence was determined reasonable on a four to ten month guideline recommendation (the same upward variant as we have before us). 862 F.3d at 147-48. The court reasoned that because the severe violations occurred less than a year after the release date, the sentence was substantively reasonable for deterrence purposes. Id. Similarly here, not only did the violations follow quickly on the heels of Alejandro-Rosado's release, but they were numerous and severe. He was found racking a pistol. Canines twice alerted police to weapons in his apartment. He was reported to be selling drugs, and was found with a notebook full of inmate names, register numbers, and dollar amounts. Specifically, one entry had the rather ominous notation: "transaction soon as possible so that he not be beheaded." And these are just some of his numerous violations. In light of these facts, Alejandro-Rosado's sentence was clearly within the universe of reasonableness. See Soto-Soto, 855 F.3d at 450-51 (statutory maximum of two years was substantively reasonable where the guideline recommended a five to

eleven month sentence but the violations were repetitive and severe).

Alejandro-Rosado nevertheless argues that the guidelines recommended a sentence of four to ten months and the district court improperly exceeded this recommendation. But these guidelines are "merely advisory." See Soto-Soto, 855 F.3d at 451. Regardless of whether we agree that this was the appropriate sentence, merely deciding on appellate review that "some lesser sentence [is] appropriate is not, in itself, a sufficient reason to disturb the district court's exercise of discretion." Del Valle-Rodríquez, 761 F.3d at 177 (1st Cir. 2014).

Turning next to the inquiry reviewing the district court's rationale, we determine that it was plausibly reasoned. Where district courts stress the factors that lead to its sentence and explain the purposes for the sentence, we have upheld its reasoning. See, e.g., Rivera-González, 776 F.3d at 52 (district court's sentence was plausibly reasoned because it stressed the seriousness of the crime and need for the sentence). Here, the district court did both. It highlighted the frequency of Alejandro-Rosado's violations, the severity of them, and his refusal to follow the probation officer's instructions. See United States v. O'Brien, 870 F.3d 11, 21 (1st Cir. 2017) (reasoning was clear when it emphasized the severity of the conduct). Next, it plausibly explained that in light of these factors, the sentence

was necessary to "provide just punishment for the offense, afford adequate deterrence, and to protect the public from further crimes" by the defendant.  In light of these justifications, we find that the district court's reasoning was entirely plausible.

## C. Conclusion

For the reasons made clear above, we uphold the sentence imposed on Alejandro-Rosado for violation of his terms of supervised release.

**Affirmed.**