**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-2302

UNITED STATES OF AMERICA,

Appellee,

v.

ANTHONY SUÁREZ-GUZMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch and Lipez, Circuit Judges,
and Ponsor, District Judge.*

Johnny Rivera-González and Johnny Rivera's Law Office on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

March 2, 2018

---

*Of the District of Massachusetts, sitting by designation.

**LIPEZ, Circuit Judge**.  Appellant Anthony Suárez-Guzman claims that his three-year sentence for violating the terms of his supervised release on a drug offense is unreasonably long given his full acceptance of responsibility and multiple mitigating personal factors.  Notwithstanding the favorable considerations, we find no basis on which to override the district court's discretionary sentencing judgment.

Pursuant to an agreement with the government, appellant pled guilty in December 2010 to one count of an indictment charging him with participating in a drug conspiracy.  He admitted that he had sold various controlled substances, including heroin and cocaine, as part of a distribution ring that operated at public housing projects in Bayamón, Puerto Rico.  Appellant was sentenced to sixty months' incarceration and eight years of supervised release, the latter beginning in March 2014 upon completion of his prison term.  In October 2015, the United States Probation Office ("USPO") notified the court that appellant had violated multiple conditions of his release.  Consistent with the USPO's recommendation, the court issued a written reprimand and modified appellant's supervised release terms to include 150 hours of unpaid community service.

In June 2016, the USPO reported new violations of the supervised release conditions, including drug use and failure to perform the required community service.  The USPO reported that

appellant tested positive for marijuana on six separate occasions and failed to report for drug testing on seven additional occasions. He also failed to report to a treatment program for substance abuse or to his scheduled community service work. Appellant admitted all of the asserted violations, and he waived a revocation hearing. At sentencing, defense counsel argued that numerous factors -- including appellant's youth (age twenty when originally arrested and incarcerated), lack of family support, absence of new criminal charges, and loss of employment -- warranted a sentence at the low end of the guidelines range of three-to-nine months' imprisonment.

The district court concluded otherwise. After detailing appellant's numerous violations, the court observed that appellant had "made a mockery of the supervised release over a year or close to a year."[1] Accordingly, the court imposed the statutory maximum three-year term of imprisonment, to be followed by a new three-year term of supervised release. See 18 U.S.C. § 3583(e)(3). Appellant's attorney immediately asked the court to reconsider,

---

[1] The court summarized the violations as follows:

> using controlled substances, not following the instructions of the probation officer, not reporting to community service work, not seeking employment, failing to report to the substance abuse outpatient treatment, failing to report to the U.S. Probation Officer for a scheduled urinalysis without being excused[.]

seeking a reduction to no more than one year of incarceration, but the request was denied. Counsel then objected to the sentence as substantively unreasonable.

On appeal, appellant argues that the district court abused its discretion in imposing the maximum term. See United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016) (noting abuse-of-discretion standard for preserved challenges to revocation sentences). He asserts that the three-year sentence does not reflect the mitigating factors presented by his circumstances, particularly his immediate acceptance of responsibility and his mental health. He emphasizes that he fully adhered to the conditions of release during the first year, lapsing only when he lost his job and could not find new employment because of his "educational and vocational deficits." At that low point, he explains, the absence of family support and his inexperience in coping with adversity led to his noncompliance.

For the first time on appeal, appellant suggests that the court's response to his initial violations set him up for failure because he needed "professional mental assistance" for possible depression, not an additional burden (the unpaid community service work). He further contends, also for the first time, that his community-service default was attributable, in part, to discomfort with his assignment -- accompanying police

officers to pick up drug addicts -- because he could have faced reprisals for being an informant.

Without minimizing appellant's difficulties, we cannot say that the district court's rejection of his request for leniency was outside the bounds of its "wide latitude in sentencing decisions." United States v. Williams, 630 F.3d 44, 52 (1st Cir. 2010). When revoking supervised release in favor of a term of imprisonment, courts are directed to consider certain of the familiar statutory sentencing factors, see 18 U.S.C. § 3583(e), including "the history and characteristics of the defendant," id. § 3553(a)(1), and the need "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B).[2] Here, the district court highlighted the substantial number of violations and appellant's repeated refusal to take advantage of available assistance.[3]

---

[2] Section 3583(e) "incorporates some, but not all" of the § 3553(a) factors. Although the court must consider each listed factor, it "need only identify the principal factors upon which it relies to reach its sentencing decision." United States v. Márquez-García, 862 F.3d 143, 145 (1st Cir. 2017).

[3] Responding to defense counsel's request for reconsideration, the court stated:

> He would not answer the calls of my probation officer. She is there to help him. She is there to help him get a job. . . . He was provided all the tools. He had the tools there since day one when he was placed on supervised release.

Although not stated explicitly, the court's comments reflect a judgment that appellant should be given a significant period of incarceration because of his demonstrated inability to conform his behavior to the court's requirements while on release and that he should be sanctioned for the repeated breaches of the court's trust.  See U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b) (noting the Sentencing Commission's view that "at revocation the court should sanction primarily the defendant's breach of trust").

Particularly given that appellant did not rectify his conduct when offered a second chance, the district court's decision to impose the maximum term "was grounded in a plausible sentencing rationale."  United States v. Bermúdez-Meléndez, 827 F.3d 160, 166 (1st Cir. 2016); see also United States v. Márquez-García, 862 F.3d 143, 147 (1st Cir. 2017) ("There are typically 'a broad range of reasonable sentences that can apply in any given case.'" (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008))).  The new factors appellant raises on appeal -- his possible depression and need for mental-health treatment, and the inappropriateness of his drug-related community-service assignment -- do not, under plain-error review, overcome the court's judgment

Earlier in the proceeding, the court observed that "Mr. Suarez has shown that he is unable to comply with the law or the conditions of supervision imposed by this Court."

that appellant's unsuccessful period of supervised release, with numerous violations, warrants the term imposed.[4]

Hence, "[a]lthough the sentence imposed is stern," Márquez-García, 862 F.3d at 148, we cannot say that its imposition was an abuse of discretion.

Affirmed.

---

[4] Although Suárez does not expressly argue procedural unreasonableness, the government discusses at length its view that no procedural errors occurred at sentencing. We agree. The guidelines range is undisputed, and the record belies any assertion that the court failed to recognize all relevant considerations. We note in particular that defense counsel presented "vigorous arguments on [appellant's] mitigating factors." United States v. Alejandro-Rosado, 878 F.3d 435, 439 (1st Cir. 2017); see also id. ("Though the district court's consideration was unfavorable to the defendant, the fact that it weighed some factors more heavily than others does not amount to procedural error.").