# United States Court of Appeals
## For the First Circuit

No. 17-1234

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT DAOUST,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Jon D. Levy, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Barron, Circuit Judges.

Inga L. Parsons and Law Offices of Inga L. Parsons on brief
for appellant.
Halsey B. Frank, United States Attorney, and Benjamin M.
Block, Assistant United States Attorney, on brief for appellee.

May 1, 2018

**SELYA**, **Circuit Judge**. Defendant-appellant Robert Daoust mounts a multi-pronged challenge to the sentence imposed following the revocation of his supervised release term. Concluding, as we do, that his claims of sentencing error are futile, we affirm the sentence.

## I. BACKGROUND

We briefly rehearse the facts and travel of the case. In 2010, the appellant pleaded guilty to possession of heroin with intent to distribute. See 21 U.S.C. § 841(a)(1). The district court sentenced him to a seven-year term of immurement, to be followed by a three-year term of supervised release. The appellant's prison sentence was later reduced to seventy months, see 18 U.S.C. § 3582(c)(2), and he served that sentence. His supervised release commenced on September 29, 2016.

The appellant moved into a motel room, obtained full-time employment, and began participating in various treatment modalities. Soon thereafter, the appellant relocated to a different motel room, sharing his new accommodations with a female companion (herself a convicted felon). This new relationship did not last long: approximately two months after regaining his freedom, the appellant became intoxicated at a party, returned to his motel, and wound up in an altercation with his companion. The appellant punched the woman in the head, covered her face with a pillow, and repeatedly threatened that he was going to kill her.

When another motel resident tried to intervene, the appellant struck him and pushed him to the ground.

The police were notified and charged the appellant with misdemeanor domestic violence assault.  See Me. Rev. Stat. Ann. tit. 17-A, § 207-A.  Not surprisingly, the United States Probation Office moved expeditiously to revoke the appellant's supervised release.  The probation officer's filing identified four putative violations of the appellant's supervised release conditions, namely, that he had possessed or consumed alcohol or other intoxicants, that he had associated with a convicted felon, that he had committed a state crime, and that he had failed to give timely notice to the probation office prior to changing residences.

At a revocation hearing held on March 3, 2017, the government dismissed the charge of untimely notification.  In return, the appellant admitted to the remaining three violations.  The appellant did not object to anything in the revised revocation report, and the district court adopted the report in its entirety.  The court proceeded to note that the admitted violations constituted Grade C violations, see USSG §7B1.1(a)(3); that the advisory guideline sentencing range was eight to fourteen months, see id. §7B1.4(a); and that the maximum penalty provided by statute was two years' imprisonment, see 18 U.S.C. § 3583(e)(3).

The probation officer recommended a sentence of one year and one day.  The government suggested that the court either adopt

the probation officer's recommendation or impose a top-of-the-range sentence (fourteen months). For his part, the appellant argued for a sentence in the three-to-six-month range. After mulling the relevant guideline provisions and sentencing factors, the district court imposed a two-year incarcerative term, to be followed by an additional thirty-four months of supervised release. This timely appeal ensued.

## II. ANALYSIS

The appellant advances several claims of sentencing error. We address them one by one.

### A. Rule 32(h).

To begin, the appellant argues for the first time on appeal that the notification requirement of Federal Rule of Criminal Procedure 32(h) obligated the district court to provide him advance notice of its intention to impose a sentence above the peak of the guideline range.[1] This argument is doubly flawed.

---

[1] The rule provides that:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed. R. Crim. P. 32(h).

Preserved claims of sentencing error ordinarily are reviewed for abuse of discretion. See Gall v. United States, 552 U.S. 38, 41 (2007). But where, as here, an appellant has failed to preserve his claim, appellate review is for plain error.[2] See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). To prevail under plain error review, the appellant must demonstrate "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. For two reasons, we discern no error (plain or otherwise).

The short reason is that Rule 32 and its various subparts (including Rule 32(h)) simply do not apply to sentences imposed for supervised release violations. See United States v. Redcap, 505 F.3d 1321, 1323 (10th Cir. 2007); United States v. Leonard, 483 F.3d 635, 638-39 (9th Cir. 2007); see also United States v. Smith, 639 F. App'x 348, 352 (6th Cir. 2016) (collecting cases). Procedures for supervised release revocation sentences are delineated in a separate rule: Federal Rule of Criminal Procedure

---

[2] The appellant suggests that the facts of this case warrant a more relaxed standard of review. See, e.g., United States v. Cortes-Claudio, 312 F.3d 17, 24 (1st Cir. 2002) (noting that, in some limited circumstances, a contemporaneous objection may not necessarily be required). This suggestion finds no firm footing in the circumstances of this case and, in all events, the appellant's claim of error lacks merit under any conceivable standard of review.

32.1.  Unlike Rule 32(h), Rule 32.1 contains no advance notification requirement in the event that the sentencing court elects to impose a sentence above the advisory guideline sentencing range.

There is a slightly longer — but equally conclusive — reason why the appellant's Rule 32(h) argument fails.  Although Rule 32(h) generally requires reasonable notice if the sentencing court is contemplating a departure from the applicable guideline range on a ground not identified either in the presentence investigation report or in the parties' prehearing submissions, the supervised release revocation sentence imposed in this case was a variant sentence, not a departure.  See United States v. Santini-Santiago, 846 F.3d 487, 490 (1st Cir. 2017) (distinguishing variances from departures).  This is a critically important distinction, as Rule 32(h) does not apply at all to variances.  See Irizarry v. United States, 553 U.S. 708, 714 (2008); United States v. Román-Díaz, 853 F.3d 591, 596 & n.5 (1st Cir. 2017); Santini-Santiago, 846 F.3d at 490.

To be sure, we have indicated, albeit in dictum, that in a rare case advance notice may be required when a sentencing court proposes "to adopt a variant sentence relying on some ground or factor that would unfairly surprise competent and reasonably prepared counsel." United States v. Vega-Santiago, 519 F.3d 1, 5 (1st Cir. 2008) (en banc) (emphasis in original).  It is readily

evident, though, that this is not such a rare case. Upwardly variant sentences are well-known to be within the universe of possible sentences and, in this case, the district court's sentencing rationale did not depend on any ground or factor that could plausibly be characterized as a surprise.

## B. **Sentencing Factors.**

When imposing a supervised release revocation sentence, a district court is obliged to consider the various factors specified in 18 U.S.C. § 3583(e). See United States v. Márquez-García, 862 F.3d 143, 145 (1st Cir. 2017). This list of factors borrows heavily from the factors enumerated in 18 U.S.C. § 3553(a), and includes the nature and circumstances of the offending conduct, see id. § 3553(a)(1); the need to deter further criminal misbehavior, see id. § 3553(a)(2)(B); the need to protect the community from "further crimes of the defendant," id. § 3553(a)(2)(C); and the need to consider the policy statements promulgated by the Sentencing Commission, see id. § 3553(a)(5). While the sentencing court must consider all of the enumerated factors, it is not required to analyze each factor separately or at length. See United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006). Rather, the court's explication of its sentencing calculus need only "identify the main factors driving its determination." United States v. Sepúlveda-Hernández, 817 F.3d 30, 33 (1st Cir. 2016).

Here, the appellant claims that the district court failed adequately to assess the relevant sentencing factors. This claim, raised for the first time on appeal, is mistaken: the court below plainly recognized its responsibility to consider the sentencing guidelines and the full range of applicable sentencing factors. Indeed, the court stated explicitly that it had given consideration to each of the relevant factors. This statement is "entitled to significant weight," United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014), and there is nothing in the sentencing record that calls the statement into question.[3]

What is more, the district court identified the main factors that drove its ultimate sentencing determination. It discussed the appellant's personal history, his continuing struggles to comply with the law, the serious nature of the domestic violence offense and the circumstances surrounding it, and the obvious need for both deterrence and protection of the public. Nor did the court take a one-sided view: it commented specifically on the few mitigating factors that were made manifest by the record.

---

[3] The appellant contends that the district court "did not appear to appreciate that [it] was going above the guidelines" when it imposed the two-year sentence. This contention blinks reality: the transcript of the final revocation hearing makes pellucid that the district court considered the guideline sentencing range, rejected it, and chose instead to impose a statutory maximum sentence.

Even so, the appellant argues that the court gave too much weight to the seriousness of the domestic violence offense. That conduct, however, was properly weighed in the sentencing calculus, see 18 U.S.C. §§ 3583(e), 3553(a)(1)(A), and district courts are afforded wide discretion to determine how much weight to assign to a particular sentencing factor, see United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). A district court has an obligation to consider the totality of relevant sentencing factors, but it has no obligation to assign to those factors the weight that the defendant would prefer. See United States v. Leahy, 668 F.3d 18, 25 (1st Cir. 2012).

The short of it is that we see no sign that the district court erred — let alone plainly erred — either in its treatment of the relevant sentencing factors or in its choice to give heavy weight to the gravity of the violations committed by the appellant. After all, those violations — especially the domestic violence assault — were egregious, and only a brief period of time had elapsed between the commencement of the appellant's supervised release and the offending conduct.

## C. Substantive Reasonableness.

The appellant's final claim of error challenges the substantive reasonableness of his sentence. Although this claim was not raised below, the standard of review is "somewhat blurred." United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015).

- 9 -

To skirt this unsettled question, we assume — favorably to the appellant — that our review is for abuse of discretion. See, e.g., id. at 228 & n.4.

A sentence is substantively reasonable as long as it is supported by a "plausible sentencing rationale" and achieves a "defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Since there can be a wide universe of reasonable sentences in any single case, a sentence fails the test of substantive reasonableness only if it "falls outside the expansive boundaries of that universe." Id. at 92.

In the case at hand, the district court lucidly articulated its sentencing rationale. Specifically, the court focused on the appellant's perceived dangerousness: it noted that his alcohol use made him "quite dangerous," pointed out that the domestic violence offense could have "easily ended with a death," and remarked the threats that he repeatedly had voiced. Building on this sturdy foundation, the court emphasized the need for deterrence and the importance of public safety. Threaded through the court's comments was an apparent judgment that the appellant should be sentenced to significant prison time for a flagrant breach of the court's trust.

With this backdrop in place, we have scant difficulty in concluding that the district court articulated a plausible sentencing rationale. The appellant, released from custody on

specific conditions, lost little time in committing serial violations of those conditions — and the court was certainly entitled to take that chronology into account.

The appellant has another shot in his sling. He asserts that the length of his sentence is not defensible. To this end, he says that because the maximum sentence in Maine for misdemeanor domestic violence assault is 364 days, see Me. Rev. Stat. Ann. tit. 17-A, §§ 207-A(1)(A), 1252(2)(D), his supervised release revocation sentence should not exceed that maximum.

The appellant's premise is correct: Maine limits a jail sentence for misdemeanor domestic violence assault to 364 days. See id. But the conclusion that he draws from this premise does not follow: a supervised release violation is an independent offense[4] and, thus, when conduct comprises both a state crime and a violation of a federal supervised release condition, the maximum sentence for the former does not control the maximum sentence for the latter. Cf. United States v. Work, 409 F.3d 484, 490 (1st Cir. 2005) (noting that "the permissible term of incarceration authorized for a supervised release violation is not circumscribed

_____

[4] The appellant argues that the district court punished him for the domestic violence offense per se, in violation of USSG Ch. 7 Pt. A(3)(b). This argument lacks force. The court's comments make it pellucid that it was punishing the appellant for the breach of trust that his supervised release violations entailed, not for the domestic violence offense per se.

by the substantive sentence" under the guidelines). This case illustrates the point.

As said, the appellant's original conviction was for possession of heroin with intent to distribute — a class D felony. See 18 U.S.C. § 3559(a)(4). Congress set the maximum supervised release revocation sentence for a defendant (like the appellant) whose original offense of conviction was a class D felony at two years. See id. § 3583(e)(3). That statutory maximum pertains even when the conduct underlying the defendant's supervised release violation is itself a misdemeanor. See id. In establishing this paradigm, Congress plainly contemplated that some defendants might be sentenced to a longer term of imprisonment for supervised release violations than for the state offense underlying that violation.

We add that the sentencing outcome — a two-year sentence for the appellant's supervised release violations — is easily defensible. Although the revocation sentence exceeds the top of the advisory guideline range by ten months, we have found more dramatic upward variances to result in substantively reasonable sentences. See, e.g., United States v. Alejandro-Rosado, 878 F.3d 435, 440-41 (1st Cir. 2017) (finding two-year sentence substantively reasonable despite guideline sentencing range of four-to-ten months); Márquez-García, 862 F.3d at 147-48 (same). At the end of the day, the guideline ranges for supervised release

violations are "merely advisory" United States v. Soto-Soto, 855 F.3d 445, 451 (1st Cir. 2017), and the two-year sentence imposed in this case is roughly proportionate to the appellant's breach of trust.   So viewed, the sentence falls comfortably within the "expansive boundaries" of the universe of reasonable sentences. United States v. Matos-de-Jesús, 856 F.3d 174, 180 (1st Cir. 2017) (quoting Martin, 520 F.3d at 92).

No more is exigible.   We conclude, without serious question, that the appellant's sentence was substantively reasonable and, therefore, not an abuse of discretion.

## III. CONCLUSION

We need go no further.  For the reasons elucidated above, the sentence is

**Affirmed.**