**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4696**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

BRIAN GRAY ANDERSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00235-WO-1)

Submitted:  April 22, 2020                Decided:  April 28, 2020

Before DIAZ, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Gray Anderson appeals from the 24-month sentence imposed upon revocation of his supervised release. On appeal, Anderson contends that the sentence imposed is procedurally and substantively unreasonable. Concluding that the sentence is not plainly unreasonable, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). This Court "must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). Only if this court finds a sentence unreasonable must it determine "whether it [i]s plainly so." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

Citing Rule 32(h), Fed. R. Crim. P., Anderson argues that his revocation sentence is procedurally unreasonable because the court did not provide notice of its intention to impose a sentence above the policy statement range. However, a revocation sentence that is above the policy statement range is not a departure and is not governed by the rules for departures. *United States v. Davis*, 53 F.3d 638, 641 n.15 (4th Cir. 1995). Instead, Rule 32.1 of the Federal Rules of Criminal Procedure governs supervised release revocation procedures. *United States v. Daoust*, 888 F.3d 571, 575 (1st Cir. 2018). Because Rule 32.1 does not require a district court to notify a defendant of its intent to vary from the

advisory policy statement range, we conclude that the court did not commit procedural error by failing to provide notice.

Anderson also asserts that his sentence is substantively unreasonable, arguing that, in sentencing him to the statutory maximum, the court overemphasized the need to protect the public from his recidivist drug abuse. "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted).

At the supervised release revocation hearing, the court found that Anderson's criminal history reflected that his recidivist substance abuse led him to other criminal conduct, making him a danger to the community and, hence, the court concluded that it needed to impose a sentence to protect the public. *See* 18 U.S.C. § 3583(e) (2018) (identifying 18 U.S.C. § 3553(a) (2018) factors courts may consider in imposing revocation sentences, including need to protect public and history and characteristics of defendant). The court remarked that when it previously revoked Anderson's supervised release, it imposed a sentence that specifically accommodated Anderson's request to participate in a particular drug treatment program and that Anderson then flagrantly refused to cooperate with the very program that he himself had requested. The court's comments indicate that it also imposed the 24-month sentence to sanction Anderson's breach of trust in this case. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) (2014) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). We conclude that the sentence in this case is substantively reasonable.

3

The sentence imposed by the district court is not unreasonable and therefore is not plainly unreasonable. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*