**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 22-1681

UNITED STATES OF AMERICA,

Appellee,

v.

JULIÁN G. RIVERA-BERRÍOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Thompson, Circuit Judges.

José David Rodríguez, Research and Writing Specialist, with
whom Eric Alexander Vos, Federal Public Defender, and Franco L.
Pérez-Redondo, Assistant Federal Public Defender, Supervisor,
Appeals Section, were on brief, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with
whom W. Stephen Muldrow, United States Attorney, and Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, were on brief, for appellee.

April 20, 2023

**SELYA**, **Circuit Judge**.  Defendant-appellant Julián G. Rivera-Berríos appeals from the imposition of a nine-month term of immurement following the revocation of his term of supervised release.  We summarily affirm.

We need not tarry.  We review revocation sentences for abuse of discretion, see United States v. Gallo, 20 F.3d 7, 13 (1st Cir. 1994); see also United States v. Márquez-García, 862 F.3d 143, 145 (1st Cir. 2017); United States v. Soto-Soto, 855 F.3d 445, 448 (1st Cir. 2017), and we discern none here.

The appellant's attack on his revocation sentence is narrowly focused.  At sentencing, the appellant proffered — for the first time — a claim of recent employment.  According to the appellant, the district court "found the employment was a sham" and "[a]s such, the court transformed a mitigating fact (employment) into an aggravating circumstance."  This misguided outlook, the appellant says, infected the whole of the sentencing proceeding and irrevocably tainted the court's resolution of the matter.  But the sentencing record tells a different tale.

The court's bench decision, revoking the appellant's term of supervised release and imposing the challenged sentence, is emblematic.  The court began by briefly mentioning the unsigned "employment letter" that the appellant first presented at the revocation hearing.  The court stated that this document had been tendered "on the very last minute," that it was "highly

convenient," and that it was not "good evidence." The court, therefore, declined to credit the evidence in mitigation, and that decision was well within the encincture of the court's discretion. Cf. United States v. Cintrón-Echautegui, 604 F.3d 1, 6 (1st Cir. 2010) (concluding that "sentencing court has wide discretion to decide whether particular evidence is sufficiently reliable to be used at sentencing").

Having supportably set aside the last-minute attempt at mitigation, the court went on to explain the key elements of its sentencing determination. The court noted that the appellant had consistently displayed a lack of cooperation with the probation officer, highlighting attempts to reach him in which "the Probation Officer was calling and calling and calling and still [received] no responses." The court then noted that the appellant had failed to meet reporting requirements, despite being "told personally when to report and when to call." So, the court found, "the pattern is there . . . [—] not accepting responsibility." The court ended this portion of its assessment by concluding that "the Probation Officer has stretched this to the extent that [she] can."

Next, the court noted that the appellant — while on supervised release — had failed no fewer than four substance-abuse tests. Moreover, he had racked up approximately 145 "failure to call" violations. As to these violations, the court commented: "[t]here's no excuse and there's no justification."

- 4 -

As a capstone, the court found that the appellant "has not been honest towards the Probation Officer nor the supervision process." Consequently, "[h]e has engaged in conduct that clearly justifies the revocation." The court proceeded to revoke the appellant's supervised release. It then determined the advisory guideline sentencing range to be three months to nine months. See USSG §7B1.4. Wrapping up, the court observed that the appellant's

> failure to report to the drug rehabilitation treatment, to respond in a timely fashion to the Probation Officer, his lack of commitment and rejection of treatment certainly denotes that this individual is not interested in complying with his . . . conditions of supervision. A Grade C violation has been established by the guidelines and accordingly taking into consideration all [18 U.S.C. §] 3553 factors [and] the arguments of the parties, it is the judgement of the Court that Mr. Rivera Berrios is committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months to be followed by one year of supervised release.

In this venue, the appellant does not challenge either the revocation order or the district court's calculation of the advisory guideline sentencing range. He challenges only the length of the sentence imposed. That challenge fails: the district court articulated a plausible sentencing rationale and imposed a within-guidelines sentence that — considering the appellant's persistent noncompliance with the conditions of his supervised release — clearly represented a defensible result. No more was exigible. See, e.g., United States v. Daoust, 888 F.3d 571, 578 (1st Cir.

- 5 -

2018); <u>Márquez-García</u>, 862 F.3d at 148; <u>Soto-Soto</u>, 855 F.3d at 451.

We need go no further. A thorough review of the sentencing record reveals no sign of any impermissible taint, and we discern no abuse of discretion in the district court's choice of a nine-month incarcerative sentence. For the reasons elucidated above, the challenged sentence is summarily

**Affirmed**. See 1st Cir. R. 27.0(c).