# United States Court of Appeals
## For the First Circuit

No. 12-2421

UNITED STATES,

Appellee,

v.

LUIS A. MONTALVO-CRUZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Vivianne M. Marrero-Torres, Assistant Federal Public Defender, with whom Héctor E. Guzmán-Silva, Federal Public Defender, and Héctor L. Ramos-Vega, Assistant Federal Public Defender, Supervisor, Appeals Section, were on brief, for appellant.
Marshal D. Morgan, Assistant United States Attorney, with whom Juan Carlos Reyes-Ramos, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, were on brief, for appellee.

March 17, 2014

**LYNCH, Chief Judge**.  This appeal from a restitution order adheres to the adage that no good deed goes unpunished.  Luis Antonio Montalvo-Cruz was convicted of producing child pornography.  See 18 U.S.C. § 2251.  His victim, Jane Doe, was a 15-year-old daughter of a woman who lived in the same housing project.  He befriended both, but, in early 2012, he betrayed both.  Instead of driving Jane to school, he took her to a motel where he recorded his sexual activity with her.  All told, he produced five pornographic videos of himself and Jane.

He pled guilty in July 2012, and the Probation Department prepared a presentence investigation report ("PSR").  See id. § 3664(a), as incorporated by id. § 2259(b)(2).  In preparing the PSR, the Probation Officer interviewed Jane's mother to gauge the impact of defendant's crimes.  In that interview, the mother stated that the "family has been emotionally affected" as a result of defendant's actions, that both of her daughters "lowered" their school grades, and that Jane "no longer wants to play volleyball." In addition, the mother explained that Jane "cries a lot at night and does not allow anyone to touch her, as she reacts aggressively," but that she "has not received any mental health treatment, for they cannot afford to pay $60 per session." (emphasis added).  The mother's statements were contained in the PSR under the heading "Victim Impact."  As to "Fine and Restitution," the PSR mentioned that a special monetary assessment

in the sum of $100 is mandatory pursuant to 18 U.S.C. § 3013, and that "the Victim and Witness Protection Act could apply in this case." Defendant did not object to the PSR. Nor did he seriously argue there was any problem with the $60 an hour estimate.

The district court held a sentencing hearing in October 2012, sentencing defendant to 210 months' imprisonment.[1] The district court advised that it would order that defendant pay restitution to Jane:

> THE COURT: . . . I would like an allocation of $60.00 per month to be transferred to the victim of this case, so that she can pay for her treatment and in this way the defendant will contribute to the rehabilitation or progress and mental health treatment of the victim. That situation shall continue during the term of supervision as long as the victim is determined to be in need of treatment.

Defense counsel objected to the district court's approach, expressing concern that Jane would not use the money for counseling. As an alternative, defense counsel proposed a plan under which Jane would pay for her future counseling services, periodically presenting evidence of payment that defendant would then reimburse.

---

[1] Although defendant's plea agreement contained a waiver of appeal, that waiver was conditional on the district court sentencing defendant in accordance with the agreement's recommendation, including that he be sentenced to 180 months on his count of conviction. Because the district court did not follow that recommendation, the waiver of appeal does not apply. See United States v. Ríos-Hernández, 645 F.3d 456, 461-62 (1st Cir. 2011).

The district court responded by suggesting that restitution be ordered for a specific time frame and that the same amount be ordered payable to Jane, but "[i]f the minor refuses treatment or is not attending treatment, then the monies will be deposited in the general victim fund," i.e. the Crime Victims Fund established by the Victims of Crime Act of 1984 ("the Fund"), 42 U.S.C. § 10601(a).  The Fund provides, inter alia, grants to state programs for direct reimbursement to or on behalf of a crime victim for mental health counseling.  Office for Victims of Crime, Crime Victims Fund, http://ojp.gov/ovc/pubs/crimevictimsfundfs/intro.html (last visited Mar. 12, 2014).

To this, defense counsel objected that the restitution money should not be deposited into the Fund.  In addition, counsel suggested there was a causation issue.  The district court rejected defense counsel's argument as to causation.  As to restitution, the court explained:

> THE COURT: Okay, let's avoid the confusion probably generated.  But the intent and general purpose [are] the same.  First of all and to simplify things instead of opening the loophole of how we verify that the minor is receiving the treatment, how the money will be disbursed, I think there [are] no qualms that this minor is entitled to receive treatment under the [Fund].  As such whatever treat[ment] might be received and whatever the allocations of money that she receives from [the Fund] depending on the treatment she receives, I think that $60.00 per session is generally speaking, a low amount, but also one session a month I think it is also a very minimal estimate of what might be needed in this type of circumstances.  What I will be doing is modifying my instruction

-4-

and order to impose upon the defendant the restitution of the total sum of $6,000.00 to the [Fund]. This money is to be paid while the defendant is serving his sentence and if not during his incarceration, will [be] completely paid during the first five years of his supervised release. The Probation Officer will certainly make sure that the victim is placed on notice that she is entitled to treatment and to economic assistance from the [Fund] in order to provide for her therapy.

In short, the district court originally wanted to simply order payment of $6,000 to Jane; that is, $60 a month for eight-plus years based on the need for treatment. Defendant objected to that, saying the victim might not use the money for treatment. The court then attempted to accommodate that objection by ordering payment to the Fund, from which payment would be made to provide Jane with therapy. Although careful consideration of a defendant's objections is laudable, the district court's compromise had the unfortunate effect of unnecessarily complicating Jane's receipt of restitution.

On appeal, defendant has changed his position. Having objected during sentencing to the district court's award of restitution to the victim, he has now appealed saying the district court erred in ordering the payment be made to the Fund rather than to Jane, and in determining the amount of restitution to be paid. We bypass the questions of waiver and cut through to the ultimate questions.

-5-

I.

"We review orders of restitution for abuse of discretion, reviewing legal questions de novo and subsidiary findings of fact for clear error." United States v. Kearney, 672 F.3d 81, 91 (1st Cir. 2012). "Federal courts possess no inherent authority to order restitution, and may do so only as explicitly empowered by statute." United States v. Hensley, 91 F.3d 274, 276 (1st Cir. 1996). In this case, because the district court ordered restitution as to defendant's violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2259 governs.

The details of defendant's particular arguments need not detain us. The small restitution amount of $6,000 was based on a calculation of treatment at $60 per session, for a modest one session per month, to last for a period of a little over eight years. The PSR provided ample and timely evidence to support this restitution award, in full compliance with statutory requirements. See 18 U.S.C. § 3664(d)(2) & (d)(5), as incorporated by id. § 2259(b)(2). Given that defendant never objected to the PSR, defendant's first argument on appeal -- that the PSR provided insufficient evidence of the victim's injuries -- is unconvincing. See United States v. Torres Gonzalez, 240 F.3d 14, 18 (1st Cir. 2001) (holding that challenge to district court's reliance on PSR was waived where defendant failed to object to PSR during sentencing).

That leaves the defendant's second argument on appeal --
that the victim should be paid directly.  This is, of course, quite
different than what he told the district court.

The government has defended the order actually entered
but says, given that all parties now agree as to the
appropriateness of the district court's preferred restitution order
to the victim, we should just remand and direct the court to enter
a restitution order of $6,000 against defendant but payable to the
victim.  The effect of this would be in keeping with the purpose of
restitution: once the victim's loss is appropriately identified, a
court "shall order restitution," 18 U.S.C. § 2259(a), and there is
no basis here for accommodating a defendant's desire to monitor how
his victim uses the restitution payment.  See, e.g., United States
v. Laney, 189 F.3d 954, 967 (9th Cir. 1999) ("[I]f Congress
intended crime victims who required long-term psychological . . .
therapy to receive restitution only after they actually paid their
therapists, it created a strangely unwieldy procedure in section
3664, which would require a victim to petition the court for an
amended restitution order every 60 days for as long as the therapy
lasted.").  We agree with the government that nothing in the law
precludes us from doing so, and we so order.  Cf. United States v.
Ahrendt, 560 F.3d 69, 80 (1st Cir. 2009) ("Although the district
court is under no obligation to modify [the defendant]'s sentence,
we nevertheless think it prudent to allow the court the opportunity

-7-

to consider [recent, non-binding developments]."); <u>United States</u> v. <u>Godin</u>, 522 F.3d 133, 136 (1st Cir. 2008) (similar).

We regret that defendant's misguided objection to the district court's original order of payment to the victim has resulted in this appeal. We have expedited this opinion in order to see that the victim promptly receives restitution.

## II.

We vacate and remand for further proceedings in accordance with this decision.