# United States Court of Appeals
## For the First Circuit

No. 17-1763

UNITED STATES OF AMERICA,

Appellee,

v.

ELVIN ANTONIO RIVERA-SANTIAGO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Kendys Pimentel-Soto and Kendys Pimentel-Soto Law Office on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and B. Kathryn Debrason, Assistant United States Attorney, on brief for appellee.

March 22, 2019

**LIPEZ, Circuit Judge.** Claiming procedural unreasonableness, Elvin Antonio Rivera-Santiago appeals his 48-month sentence for unlawfully possessing a firearm. He contends that the district court failed to adequately explain its reasons for imposing an above-guideline sentence, that a variant sentence was not supported by the record, and that the district court "relied on erroneous facts." After careful review, we affirm.

## I.

Given that this appeal follows a guilty plea, "we draw the relevant facts from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report ("PSR"), and the transcript of the disposition hearing." United States v. O'Brien, 870 F.3d 11, 14 (1st Cir. 2017). Rivera-Santiago was charged with being a felon in possession of a firearm after police officers found firearms, magazines, and ammunition at the home he shared with his partner and his seven-year-old daughter, which the officers searched pursuant to a search warrant, and in his vehicle, which they obtained his consent to search. Specifically, the officers found: two empty, large-capacity .40-caliber magazines for a Glock pistol and forty-two rounds of .40-caliber ammunition in the bedroom closet; a Glock pistol loaded with twenty-one rounds of .40-caliber ammunition on the driver's seat of Rivera-Santiago's vehicle; another Glock pistol loaded with forty-eight rounds of .40-caliber ammunition

- 2 -

underneath the driver's seat; and three Glock .40-caliber magazines, containing a total of sixteen rounds of ammunition, in the driver's-side door pocket. The officers also found a "chip" used to convert semi-automatic Glocks into fully automatic firearms on top of a gun cleaning kit on the kitchen counter. Rivera-Santiago admitted to possessing all the firearms, magazines, and ammunition. He had previously been convicted of illegal possession of a firearm as a prohibited person and was serving a 36-month term of federal supervised release for the prior conviction at the time of his arrest.

Pursuant to the plea agreement, Rivera-Santiago pleaded guilty to count one of a two-count indictment, illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] The parties agreed to recommend sentences within the applicable guideline range, with Rivera-Santiago permitted to "request a sentence at the lower end of the applicable guideline range while the United States may request a sentence at the upper end."

The PSR calculated Rivera-Santiago's total offense level at 17 and his criminal history category at III, for a guideline

---

[1] As part of the plea agreement, the government moved at sentencing to dismiss count two, which charged him with illegal possession of a machine gun, 18 U.S.C. §§ 922(o) and 924(a)(2), based on his possession of the "chip." The district court granted the motion.

range of 30 to 37 months. The calculation took into account Rivera-Santiago's prior conviction for possession of a stolen semi-automatic firearm with an extended magazine and additional loaded magazines, and his commission of the current offense while on supervised release. Neither side objected to the PSR.

At the sentencing hearing, defense counsel requested a low-end guideline sentence of 30 months while the government requested an upper-end guideline sentence of 37 months. Defense counsel highlighted, inter alia, Rivera-Santiago's difficult upbringing and the fact that he faced a sentence of incarceration in the pending revocation matter. The government noted that (1) the offense involved two weapons and several extended magazines; (2) the conduct was essentially the same as that underlying Rivera-Santiago's prior conviction; (3) he committed the present offense while less than a year out of prison and still on supervised release; and (4) he had committed several rules violations while incarcerated awaiting sentencing. As noted in the PSR, Rivera-Santiago's incarceration infractions included circulating money illegally inside the prison, "refusing to obey an order," and "being insolent [to] staff." The government argued that his behavior, in general, exhibited a "serious disrespect for the law and authority."

The district court agreed with the guideline range specified by the PSR, i.e., 30 to 37 months. The court then

addressed the sentencing factors prescribed by 18 U.S.C. § 3553(a). It noted Rivera-Santiago's personal characteristics, including his parenthood, and pointed out that he had committed the present offense while on supervised release for his prior conviction. The court also catalogued the two semi-automatic weapons, multiple extended magazines, and multiple rounds of ammunition that were in his possession. After stating that it had considered the § 3553(a) factors, "the serious nature of the offense of conviction, the type of weapon and the [amount] of ammunition involved, [and] the defendant's criminal history," the court imposed a 48-month variant sentence. Defense counsel immediately "object[ed] to the varian[t] sentence as procedurally unreasonable," without further elaboration. In response, the court replied, "I believe the circumstances of this defendant fully justifies the [c]ourt's sentence. He's putting at risk his own safety and that of the community. He's not protecting himself, his child or the community. It's a very serious offense and circumstances that he was involved with." This timely appeal followed.[2]

---

[2]  The government properly concedes that the appeal waiver in the plea agreement does not apply. See United States v. Montalvo-Cruz, 745 F.3d 583, 584 n.1 (1st Cir. 2014) ("Because the district court did not follow [the parties' sentencing] recommendation, the waiver of appeal does not apply."). The government also generally acknowledges that the district court imposed an above-guideline sentence despite the government's occasional, erroneous references in its appellate brief to a "mid-range" or a "lower-end, within-guidelines sentence."

Rivera-Santiago contends that the 48-month sentence imposed by the district court is procedurally unreasonable because (1) the court failed to adequately explain its variant sentence, which he claims was not supported by the record; and (2) the court "relied on erroneous facts."[3]  The parties dispute whether he adequately preserved his objections and thus disagree as to the standards of review.  Because we would affirm the sentence regardless of the standard, we assume, favorably to Rivera-Santiago, that he preserved his objections.  We therefore review the district court's imposition of a variant sentence for abuse of discretion and its factfinding for clear error.  See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015).

## A. Justification for Variant Sentence

Rivera-Santiago argues that his sentence is procedurally unreasonable because there is no basis for distinguishing his case from the "run-of-the-mill" felon-in-possession case contemplated by the guideline sentencing range, and because "[n]o particular circumstance was pointed out by the district court to adequately

---

[3] To the extent Rivera-Santiago intended to bring a substantive unreasonableness claim, he has waived such a claim by failing to develop it beyond a few passing references in his brief. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Such a claim is, in any event, unavailing because the district court offered a plausible rationale for the sentence and arrived at a defensible result, as further explained below.  See United States v. Mangual-Rosado, 907 F.3d 107, 111 (1st Cir. 2018).

support a varian[t] sentence."

It is well established that a district court may vary above or below a guideline range so long as it "offer[s] a 'plausible and coherent rationale' for its variance." United States v. Alejandro-Rosado, 878 F.3d 435, 439 (1st Cir. 2017) (quoting United States v. Guzman-Fernandez, 824 F.3d 173, 178 (1st Cir. 2016)). When a § 3553(a) consideration is already accounted for in the guideline range, a sentencing court "must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." Guzman-Fernandez, 824 F.3d at 177 (quoting United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006)).

Here, the district court offered "a plausible and coherent rationale" for its eleven-month variance. See Alejandro-Rosado, 878 F.3d at 440. The court highlighted that Rivera-Santiago had committed the offense while on supervised release for essentially the same offense, and that he possessed two semi-automatic weapons and a stash of large-capacity magazines and ammunition in his family home and in his vehicle. The sentencing range calculated by the district court would apply to a defendant who possessed a single firearm, see U.S.S.G. § 2K2.1(a)(4)(B), who had been convicted of any crime punishable by imprisonment for a term exceeding one year, see id. § 2K2.1 cmt.

- 7 -

3 (citing 18 U.S.C. § 922(g)), and who had committed the present offense while on supervised release for any prior offense, see id. § 4A1.1(d). Thus, the district court noted precisely those factors that differentiate Rivera-Santiago's offense from the "run-of-the-mill" felon-in-possession offense contemplated by the guidelines.

## B. Reliance on Erroneous Facts

Rivera-Santiago also contends that the district court's comments after defense counsel objected to the sentence demonstrate that the court relied on erroneous facts, namely (1) that Rivera-Santiago had put the safety of his family and the community at risk, and (2) that his offense was "very serious." We disagree.

The district court's comments invoked only undisputed facts supported by the record. It is a foundational principle of the felon-in-possession statute that a felon's unlawful possession of firearms presents a danger to society. See United States v. Doe, 960 F.2d 221, 225 (1st Cir. 1992) ("[L]egislators, when enacting the felon-in-possession statute, repeatedly referred to the danger that a gun, in the hands of a previously convicted felon, poses for the public."). Further, Rivera-Santiago's possession of multiple semi-automatic weapons, large-capacity magazines, and ammunition unsecured and accessible in his vehicle and in the home he shared with his partner and minor daughter

- 8 -

presented a danger to his family and society above and beyond a generic felon-in-possession case. It was also reasonable for the court to conclude that the offense was "very serious" given that Rivera-Santiago's possession of semi-automatic firearms while still on supervised release for unlawfully possessing a semi-automatic weapon demonstrated a lack of respect for the law and the absence of rehabilitation. For these reasons, the court did not rely on erroneous facts in imposing Rivera-Santiago's sentence.

## III.

Concluding for the foregoing reasons that Rivera-Santiago's 48-month variant sentence was not procedurally unreasonable, we affirm.

So ordered.