**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-2131

UNITED STATES,

Appellee,

v.

DONOVAN J. RIVERA-MEDINA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Hamilton* and Thompson, Circuit Judges.

Daniel N. Marx, with whom Fick & Marx LLP was on brief, for appellant.

Mahogane D. Reed, with whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, were on brief, for appellee.

June 20, 2024

---

* Of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

**THOMPSON**, **Circuit Judge**.  Donovan J. Rivera-Medina appeals as procedurally and substantively unreasonable his 108-month-long prison sentence for possession of a machine gun, in violation of 18 U.S.C. § 922(o), and possession with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D).  For reasons we will explain in fairly short order (writing primarily for the parties as we do so), we must affirm the district court's pronounced sentence.

A little context to get us started, gleaned "from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report ('PSR'), and the transcript of the disposition hearing" because Rivera-Medina's appeal follows a guilty plea.  United States v. Rivera-Santiago, 919 F.3d 82, 83 (1st Cir. 2019) (quoting United States v. O'Brien, 870 F.3d 11, 14 (1st Cir. 2017)).  Indeed, Rivera-Medina entered into an agreement in which he pleaded guilty to a two-count information for possession of a machine gun and possession with intent to distribute marijuana while on pretrial release, in violation of 18 U.S.C. § 3147.  The agreement provided a joint sentencing recommendation of 96 months' imprisonment -- an upward variance from the advisory range of 57 to 71 months' imprisonment.  That 96-month computation (78 months for the firearms charge; 18

- 2 -

for the marijuana charge) was based in part on aggravating factors associated with Rivera-Medina's offenses.[1]

At sentencing, the court noted some of Rivera-Medina's personal characteristics (then 24 years of age; eleventh grade education; sporadic employment as a barber; history of marijuana and cocaine use), the court's general concerns about "highly dangerous" machine guns, and the aggravating factors in play. The court then agreed with the parties that there was a need for an upward variance but concluded even more of a variance was necessary -- it thus tacked 12 months onto the parties' 96-month recommendation and pronounced a 108-month term of immurement (90 months on the firearms charge; 18 on the marijuana charge). Rivera-Medina objected to the sentence's procedural and substantive reasonableness, arguing the agreed-to "96 months already consider[ed] everything," including Rivera-Medina's uncharged conduct and all the other considerations the court had identified. The court demurred: "Well, I just want to tell you

_____

[1] The undisputed factors in play here, some of which also help tell the story of how Rivera-Medina got to this point, include that he: dodged a more serious charge of possession of a machine gun in furtherance of a drug-trafficking crime (which carries a 30-year mandatory minimum sentence, 18 U.S.C. § 924(c)(1)(B)(ii)); aimed his firearm (a modified Glock pistol) at officers who were attempting to execute an arrest warrant for his brother; fled the scene and threw his machine gun away as he did so; possessed not just a loaded machine gun but three magazines (two of which were high-capacity) and 41 rounds of ammunition; and committed the offense while on pretrial release for another offense involving a machine gun.

that it doesn't consider everything because, as I indicated, he aimed his weapon at a police officer when his brother was being arrested.  He also had two high-capacity magazines, a third magazine, and 41 rounds of ammunition."  This timely appeal followed.

The reviewing parameters are familiar.  Preserved claims of sentencing error are examined for abuse of discretion, with factual findings scrutinized for clear error and legal conclusions reviewed de novo.  United States v. Rivera-Berríos, 968 F.3d 130, 133-34 (1st Cir. 2020).  When a defendant fails to preserve a claim of error, however, he is stuck with plain-error review.  See, e.g., United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016).  And "we first examine claims of procedural error and inquire into the substantive reasonableness of a sentence only after it has passed procedural muster."  Rivera-Berríos, 968 F.3d at 134.

Procedural errors include "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the [g]uidelines range."  Gall v. United States, 552 U.S. 38, 51 (2007).

With all of this in mind, we turn to Rivera-Medina's three procedural claims, which can be broadly summarized like this:

the court failed to adequately explain its upward variance; it failed to weigh whether he knowingly pointed a gun at police officers; and it relied on an erroneous fact. We'll take these in turn, first noting the lens of review for each: Rivera-Medina's first claim of error is preserved; but his second and third are not (we'll explain why when we get to them).

Up first is the inadequate-explanation attack. Federal law requires a sentencer to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The degree of explanation needed depends on the context of each individual case, Rita v. United States, 551 U.S. 338, 356 (2007) ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances."), but a sentencing court must say enough to show us it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority," id. And "when a court imposes an upwardly variant sentence, it must provide a correspondingly cogent explanation." Rivera-Berríos, 968 F.3d at 134-35. "[T]he greater a deviation from the [guidelines sentencing range], the more compelling the sentencing court's justification must be." United States v. Reyes-Correa, 81 F.4th 1, 10 (1st Cir. 2023) (first alteration added) (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014)). If the basis for an upward variance is "a § 3553(a) [factor] already accounted for

in the guideline range, a sentencing Court 'must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation.'" United States v. Carrasquillo-Sánchez, 9 F.4th 56, 59 (1st Cir. 2021) (quoting Rivera-Santiago, 919 F.3d at 85).

A sentencing court must also conduct an "individualized assessment" of the § 3553(a) factors. Gall, 552 U.S. at 50 (reasoning that any justification for a variance must be "sufficiently compelling to support the degree of the variance," and in all sentencing matters a judge is required to provide "adequate[]" explanations "to allow for meaningful appellate review and to promote the perception of fair sentencing"). How to weigh the § 3553(a) factors falls inside a sentencing court's "informed discretion," United States v. García-Pérez, 9 F.4th 48, 52 (1st Cir. 2021) (quoting United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011)), and the sentencing court has no obligation to assign to those factors the weight that a defendant would prefer, see Clogston, 662 F.3d at 593.

Rivera-Medina says the court gave an inadequate explanation for its sentence, urging that the court's reliance on general machine gun concerns and the amount of magazines and ammo Rivera-Medina possessed was improper under our case law. Like the government, we disagree with this take.

- 6 -

For starters, Rivera-Medina's reliance on Rivera-Berríos, García-Pérez, and Carrasquillo-Sánchez as controlling an outcome in his favor here is misplaced. Those cases are not, as he urges, the mirror image of his -- by our lights, there are important differences between them. Most pertinently here, the sentencing court in all of those not-sufficiently-individualized-sentences cases failed to make findings of aggravating factors that could adequately justify the upwardly variant sentences that were imposed. Here, all parties agreed at the time of sentencing that a variance (25 months up from the top of the sentencing range, recall) was warranted because of the mutually acknowledged aggravating circumstances (Rivera-Medina's flight, wielding his weapon, being out on bond for a similar machine gun offense, and so on). And the record reflects that while the sentencing court was mindful (as it often is) of general machine gun concerns as well as the amount of ammo Rivera-Medina possessed, unlike what happened in the above-listed line of cases, it also pointed to a series of sufficiently individualized considerations by way of explanation for its variance: the potential 30-year mandatory minimum charge; Rivera-Medina's possession, aiming, and discarding of the gun; his flight; and his being out on bond for a similar offense when all of this went down.

Indeed, on balance, the full complement of aggravating factors prompted the court's determination that Rivera-Medina

deserved the upwardly variant sentence it pronounced. The court weighed the § 3553(a) factors and, in its discretion, came out to a more upwardly variant sentence than what the parties had suggested based on those same factors. The court was not bound by the joint sentencing recommendation, nor did it need "to explain why it decided to eschew th[e] recommendation[]," see United States v. Cortés-Medina, 819 F.3d 566, 573 (1st Cir. 2016) (collecting examples), and it had no obligation to weigh the § 3553(a) factors in the way Rivera-Medina would have preferred, Clogston, 662 F.3d at 593; see also United States v. Caballero-Vázquez, 896 F.3d 115, 121 (1st Cir. 2018) (holding that, "[t]hough the district court's consideration was unfavorable to the defendant, the fact that it weighed some factors more heavily than others does not amount to procedural error" (internal quotation marks and citation omitted)). All told, the court provided a "cogent explanation," Rivera-Berríos, 968 F.3d at 135, for why Rivera-Medina's situation was "different from the ordinary situation covered by the guidelines," Carrasquillo-Sánchez, 9 F.4th at 59 (quoting Rivera-Santiago, 919 F.3d at 85), and thus deserving of the upward variance the court assessed.[2]  See also United States v. Santa-

---

[2] The inadequate-explanation argument is imbued with this idea that the court erred because it started its sentencing discussion by agreeing that the parties' joint recommendation of 96 months would serve the sentencing considerations of deterrence, promoting respect for the law, and the like -- but then, in Rivera-Medina's telling, about-faced when it "add[ed] another 12 months." But

- 8 -

Soler, 985 F.3d 93, 97 (1st Cir. 2021) ("The court's explanation was adequate, bearing in mind that even when we are reviewing a significant upward variance, we must afford due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.") (internal quotation marks and citation omitted) (cleaned up)). We see no abuse of discretion on this point.

Rivera-Medina next insists the court erred when it disregarded the fact that, when he pointed the machine gun at people, he did not know they were police officers. He contends this fact (that he didn't "intentionally threaten[ police] officers") diminishes his culpability -- an element the court should have considered when assessing the "seriousness of the offense" under § 3553(a). Rivera-Medina failed to raise this argument below, though.[3] So, as we previewed, it gets plain-error

---

we're reviewing the variance from the sentencing range, not scrutinizing the difference between the parties' nonbinding 96-month recommendation and where the court landed. See Cortés-Medina, 819 F.3d at 573 ("In the absence of exceptional circumstances (such as the applicability of a statutory mandatory minimum sentence), the starting point for a court's sentencing determination is the guideline range, not the parties' recommendations."). At any rate, in context, it is clear this was all part of the court's colloquy. As just described, following its initial remarks, the court went on to explain (adequately, as we've said) how it landed on the 108-month sentence.

[3] Rivera-Medina did not contest the knowing nature of his machine gun offense at any point during his proceedings -- not while agreeing to the descriptions in the plea agreement or PSR, nor after the court's sentencing pronouncement.

review.  See United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017).

To survive plain error review, an appellant must demonstrate "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Id. at 448 (internal quotation marks and citation omitted).

Rivera-Medina cannot show that any error on the district court's part -- if indeed there was any -- in not considering that he did not "intentionally threaten[ police] officers" was clear or obvious.  In pressing this contention, Rivera-Medina does not direct our attention to any case law supporting the proposition that a sentencing court must consider whether a defendant knew the precise identities of the individuals at whom a firearm was pointed when the undisputed facts show that Rivera-Medina knowingly pointed a machine gun at people.  And where a "'defendant has not identified any authority, whether in a statute or in the case law,' for the proposition advanced, claimed error cannot be clear or obvious."  United States v. Sansone, 90 F.4th 1, 8 (1st Cir. 2024) (quoting United States v. Rabb, 5 F.4th 95, 101 (1st Cir. 2021)).

Rivera-Medina's final procedural claim is that the sentencing court erred when it based his sentence on an erroneous fact not supported by the record, namely that he "aimed his weapon

- 10 -

at a police officer when his brother was being arrested." Rivera-Medina's brother was not home, he points out, so it necessarily follows that the police couldn't have been in the process of actually arresting his brother. This argument also was not raised below, so we will review it for plain error.[4]

We agree with the government that this claim falls flat. Context matters, so we start with the court's full phrase at issue (because Rivera-Medina shines a light only on part of it): "Well, I just want to tell you that it doesn't consider everything because, <u>as I indicated</u>, he aimed his weapon at a police officer when his brother was being arrested" (emphasis ours). Contextually, the phrase "as I indicated" is a clear reference to the facts the court found earlier in the proceeding when justifying its variance -- that Rivera-Medina aimed the weapon at dispatched officers "when they were executing a state-issued arrest warrant against his brother." This earlier finding was consistent with the plea agreement and PSR, and it was undisputed below by either party. It is reasonably clear that when the court said the "as I

---

[4] Once again, Rivera-Medina insists he preserved this, but the truth is in the timeline. The record clearly shows the statement in question occurred <u>after</u> Rivera-Medina objected (his only objection at sentencing) on general procedural and substantive grounds. Thus, he couldn't have been objecting to that particular phrase because the court hadn't said it yet. And Rivera-Medina never objected again after hearing the phrase, though the court gave him an opportunity to do so when it asked, "[a]nything else?" Accordingly, Rivera-Medina did not properly preserve this claim. See Soto-Soto, 855 F.3d at 448 n.1.

indicated" bit, it was simply calling back, however imprecisely, to properly found facts it had previously used in its explanation. So we see no error on this front either.

Procedural claims parried, we turn to the substantive reasonableness side of things, where Rivera-Medina asks us to stamp his sentence unreasonable because he received a harsher punishment than others who have been charged with similar firearms offenses.[5] The government says this "slightly higher variance" is an entirely defensible result.[6]

A sentence is substantively reasonable if "it rests on 'a plausible sentencing rationale' and reflects a 'defensible result'" within "'the expansive boundaries of [the] universe' of reasonable sentences." United States v. de Jesús, 831 F.3d 39, 43

---

[5] Part of Rivera-Medina's argument here echoes the theme that the court's error was in imposing a sentence above the parties' recommendation, which he says already accounted for all the relevant sentencing factors. But as we mentioned earlier, this angle is foreclosed by our case law: Sentencing judges have no duty to give "any decretory significance to such non-binding recommendations -- or even to . . . explain why [they] decided to eschew th[at] recommendation[]." See Cortés-Medina, 819 F.3d at 573.

[6] Ultimate outcome notwithstanding, we disagree with the government's characterization of twelve additional months' imprisonment as "slight." See, e.g., United States v. Colón-Cordero, 91 F.4th 41, 53 (1st Cir. 2024) (noting an upwardly variant sentence by nine months represents a "significant time period by any reasonable measure"); see also Rosales-Mireles v. United States, 585 U.S. 129, 139 (2018) ("To a prisoner, [the] prospect of additional time behind bars is not some theoretical or mathematical concept. Any amount of actual jail time is significant." (cleaned up and citations omitted)).

(1st Cir. 2016) (alteration in original) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)).  When we examine a sentence's substantive reasonableness, we afford "considerable deference" to the court's judgment.  Id. at 42.

Even assuming, favorably to Rivera-Medina, that he preserved his sentencing-disparity-like claim, on this record, it fails.  Rivera-Medina's comparisons lack the requisite precision: He cites generalized sentencing data for similar firearms offenses in the United States and Puerto Rico, never drawing individualized comparisons to any of the offenders mentioned -- taking into account, for example, aggravating circumstances, criminal history, or machine gun cases specifically.  This is insufficient for purposes of a sentencing-disparity claim.  See United States v. Rodríguez-Adorno, 852 F.3d 168, 177 (1st Cir. 2017) (explaining that a defendant "utterly failed to lay any foundation on which to build a claim of sentencing disparity" where "he present[ed] no information" on, for instance, a comparator's offense or criminal history); see also United States v. Gonzalez, 981 F.3d 11, 23 (1st Cir. 2020) ("[W]hen a defendant makes a claim of sentencing disparity, he 'must compare apples to apples.'" (quoting United States v. González-Barbosa, 920 F.3d 125, 131 (1st Cir. 2019))).

Rivera-Medina also tries again -- unsuccessfully -- to compare himself to the defendants in Rivera-Berríos, García-Pérez, and Carrasquillo-Sánchez.  For the reasons already explained

- 13 -

above, his case is not like those.  At bottom, Rivera-Medina's criminal history combined with other aggravating factors frustrate the requisite "apples to apples" comparison.  <u>Gonzalez</u>, 981 F.3d at 23.  And, reviewing for abuse of discretion, we conclude the aggravating circumstances articulated by the district court demonstrate a "plausible sentencing rationale" that supports a "defensible result," landing the 108-month sentence within "the expansive boundaries of [the] universe" of reasonable sentences. <u>de Jesús</u>, 831 F.3d at 43 (internal quotation marks and citation omitted).  Nothing more is required -- the sentence was substantively reasonable.

Affirmed.