# United States Court of Appeals
## For the First Circuit

No. 19-2150

UNITED STATES,

Appellee,

v.

JULIO N. CASIANO-SANTANA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Boudin, and Barron,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Robert P. Coleman III, Assistant United States Attorney, on brief for appellee.

June 17, 2021

**BOUDIN, <u>Circuit Judge</u>.** Officers of the Puerto Rico Police Department watched Julio Casiano-Santana ("Casiano") engage in a drug deal. They arrested him, recovering a loaded pistol and three bags of crack cocaine from the scene. Casiano was charged with possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), two counts of possession with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Casiano moved to suppress the drugs, the gun, and certain statements he had made following his arrest, but his motion was denied.

Casiano then reached a plea agreement with the government, pleading guilty to possession of a firearm in furtherance of a drug trafficking crime and possession of a controlled substance with intent to distribute in exchange for the government dropping the other two charges. He was sentenced to 103 months in prison.

On appeal, Casiano argues that his plea was invalid because he entered it without knowing that he was waiving his right to appeal the denial of his suppression motion.[1] Because Casiano did not raise this objection below, our review is for plain error.

---

[1] Though Casiano's plea agreement contained a waiver of appeal provision, the parties agree that the waiver does not bar a challenge to the validity of the plea itself. <u>United States</u> v. <u>Goodman</u>, 971 F.3d 16, 19 (1st Cir. 2020).

See United States v. Vonn, 535 U.S. 55, 58-59 (2002). Casiano must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Díaz-Concepción, 860 F.3d 32, 36 (1st Cir. 2017).

"Federal Rule of Criminal Procedure 11 requires a court to conduct a plea colloquy, advising the defendant of his rights and questioning him to establish that the plea is knowing and voluntary." United States v. Smith, 511 F.3d 77, 85 (1st Cir. 2007); see Fed. R. Crim. P. 11(b). As part of that requirement, the district judge must confirm that the defendant understands the consequences of his plea, including the waiver of certain enumerated rights. Fed R. Crim. P. 11(b)(1). Rule 11 does not explicitly require the court to warn the defendant that he waives the right to appeal any interlocutory order, and it is long-settled law that a defendant who enters an unconditional guilty plea waives the right to bring claims regarding non-jurisdictional, pre-plea constitutional violations like the denial of a suppression motion at issue here. Class v. United States, 138 S. Ct. 798, 805 (2018).

Neither Casiano nor his attorney expressed any lack of understanding of this rule or a belief that it did not apply to Casiano. In fact, the district court engaged in a robust plea colloquy with Casiano, who said whenever asked that he understood

the consequences of his plea, including the provision waiving his right to appeal from the judgment of conviction.

But even if we credit Casiano's claim that he misunderstood the consequences of his plea, Casiano cites not one case in which this Court (or any other) has required a district judge to specifically advise a defendant that he would be waiving his right to challenge a suppression motion where there was no indication that the defendant believed otherwise. Therefore, even if we determined the sentencing court's silence was error, it could not have been clear or obvious.

<u>Affirmed.</u>