# United States Court of Appeals
## For the First Circuit

No. 19-2033

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS MERCED-GARCÍA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Gelpí, Circuit Judges.

David Ramos Pagan on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Robert P. Coleman III, Assistant United States Attorney, on brief for appellee.

January 25, 2022

**SELYA**, **Circuit Judge**.  Defendant-appellant Luis Merced-García was found in possession of a trove of guns, ammunition, and drugs.  The district court sentenced him to serve an eighteen-month term of immurement on a drug-trafficking count and a consecutive 144-month term of immurement on a firearms count.  The defendant appeals, arguing that his guilty plea is invalid because the plea agreement lacked a particular signature and that his sentence on the firearms count is both procedurally infirm and substantively unreasonable.  Concluding, as we do, that the defendant's asseverational array lacks force, we affirm.

## I

We briefly set the stage.  Because this appeal "follows a guilty plea, 'we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing.'" United States v. Dávila-González, 595 F.3d 42, 45 (1st Cir. 2010) (quoting United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009)).

On the heels of a search of a residence in which he was staying and the discovery of a trove of guns, ammunition, and drugs,[1] a federal grand jury returned an indictment charging the

---

[1] There is some indication in the record that one of the guns was found in the defendant's automobile rather than in the dwelling.  Given the way in which the defendant has framed his

- 2 -

defendant and a confederate with, inter alia, aiding and abetting the possession of a firearm in furtherance of a drug-trafficking crime, see 18 U.S.C. § 924(c)(1)(A), and aiding and abetting the possession of cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1). In due season, the defendant entered into a plea agreement (the Agreement) and pleaded guilty to both of these counts. The district court accepted his guilty plea and ordered the preparation of a PSI Report.

The district court convened the disposition hearing on September 19, 2019. Both sides had filed sentencing memoranda, and the court acknowledged its familiarity with those memoranda and with the contents of the PSI Report. The guideline sentencing ranges for the two counts were separate, and neither range is seriously disputed here.[2] For the drug-trafficking count, the range was eighteen to twenty-four months; for the firearms count, the range was the statutory mandatory minimum — sixty months.

The defendant asked the court to impose sentences on both counts at the "lower end" of the guidelines. The government

arguments, nothing turns on this disparity and, thus, we do not pursue the point.

[2] The guideline ranges were laid out in the PSI Report. At sentencing, neither side objected to these ranges, and the district court adopted them. Although the defendant claims in his brief — in conclusory fashion — that the district court failed to follow proper procedure in formulating the guideline ranges, that claim is totally undeveloped. Consequently, we deem it waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

- 3 -

recommended a twenty-four-month sentence on the drug-trafficking count, to be followed by a 120-month sentence on the firearms count. The district court sentenced the defendant to serve eighteen months in prison on the drug-trafficking count, to be followed by 144 months in prison on the firearms count. This timely appeal ensued.

## II

In this venue, the defendant assigns error in three main respects. First, he claims that the lack of a particular signature invalidated the Agreement and, thus, invalidated his guilty plea. Second, he claims that his sentence on the firearms count is procedurally flawed because, among other things, the district court failed adequately to explain the sharp upward variance. Third, he claims that his sentence on that count is substantively unreasonable. We address these claims of error one by one.

### A

To begin, the defendant argues that the Agreement — which he signed — is nonetheless unenforceable because one section of the Agreement, entitled "Stipulation of Facts," lacked his signature (even though a signature line appeared at that point). Because the defendant did not advance this argument below, our review is for plain error. See United States v. Casiano-Santana, 1 F.4th 100, 101 (1st Cir. 2021); United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

We have made it clear that "[t]he plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). To prevail on plain-error review, an appellant must demonstrate "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. As the party claiming plain error, the appellant "must carry the devoir of persuasion as to all four of these elements." United States v. Pinkham, 896 F.3d 133, 136-37 (1st Cir. 2018).

Here, plain error is plainly absent. Although the stipulation of facts contained a line for the defendant's signature, there is no reason to believe that such a signature was essential to the validity of the Agreement. After all, the defendant signed the Agreement itself, and he identifies no statute, rule, or case law requiring that a stipulation of facts, incorporated in a plea agreement, must be separately signed. We have left no doubt that to qualify as plain error, an "error must be 'indisputable' in light of controlling law." United States v. Rabb, 5 F.4th 95, 101 (1st Cir. 2021) (quoting United States v. Jones, 748 F.3d 64, 70 (1st Cir. 2014)). Bereft of supporting authority, the error claimed in this case cannot surmount that high bar. See United States v. Griffin, 524 F.3d 71, 79 (1st Cir. 2008) (explaining that when an appellant "cites no case remotely

suggesting that the rule is otherwise . . . there cannot be plain error").

In all events, the defendant — in order to show plain error — bore the burden of demonstrating that the alleged error affected his substantial rights. See Rabb, 5 F.4th at 103. Here, however, he has not made even a glimmer of a showing that the unsigned stipulation of facts somehow prejudiced his case. For one thing, both the defendant and his counsel signed the Agreement itself, and the Agreement includes a clause indicating that the stipulation of facts is incorporated into the Agreement. For another thing, even though the defendant left blank the signature line below the stipulation of facts, he nonetheless initialed both pages of the Agreement on which the stipulation appears. In addition, the defendant's counsel signed the stipulation of facts on a separately provided signature line. And to cinch the matter, the defendant — during the change-of-plea hearing — confirmed his agreement with the government's oral presentation of the stipulated facts. Any error attaching to the missing signature could not, therefore, have affected the defendant's substantial rights.

That ends this aspect of the matter. On the facts of this case, the missing signature was a harmless oversight, and we reject the defendant's belated claim that its absence invalidated his guilty plea.

This brings us to the defendant's claim that his upwardly variant 144-month sentence on the firearms count is procedurally unreasonable. This claim makes its debut in this court and, thus, engenders only plain-error review. See Casiano-Santana, 1 F.4th at 101; Duarte, 246 F.3d at 60.

As we have said, the guideline sentence for the firearms count was sixty months. See United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015) (explaining that "the statutory mandatory minimum sentence is the guideline sentence"); see also USSG §2K2.4(b). Refined to bare essence, the principal thrust of the defendant's claim is that the district court did not adequately explain the sharp upward variance. We disagree.

When imposing a variant sentence, a sentencing court must "state in open court . . . the specific reason for the imposition of a [variant] sentence." 18 U.S.C. § 3553(c)(2). That explanation, though, need not "be precise to the point of pedantry." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014). We have repeatedly stated "that the sentencing court need only identify the main factors behind its decision." Vargas-García, 794 F.3d at 166; see United States v. González, 857 F.3d 46, 62 (1st Cir. 2017); United States v. Rivera-Clemente, 813 F.3d 43, 52 (1st Cir. 2016).

In the case at hand, the sentencing court explained that an upwardly variant sentence was necessary to "reflect[] the seriousness of the offense, promote[] respect for the law, protect[] the public from further crimes by [the defendant], and address[] the issues of deterrence and punishment." The court noted that the defendant possessed what amounted to a small arsenal: seven firearms and 1,616 rounds of ammunition. It emphasized, moreover, that two of the firearms were machineguns and vouchsafed that it "c[ould] conceive of few weapons that are more dangerous than a machine gun."

The defendant denigrates this explanation, contending that the factors the court relied on were "already accounted for in the Guidelines." This contention is wide of the mark: it overlooks that a sentencing court may rely on a factor already considered in formulating the guideline sentence as long as the court "articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). The court below did precisely that: the applicable statute and the associated guideline provision contemplate the possession of only a single firearm, see 18 U.S.C. § 924(c)(1); USSG §2K2.4, yet the court noted that the defendant possessed seven firearms, including two machineguns, and a large cache of ammunition. Because the

additional firearms (including the machineguns) and the large quantity of ammunition were not accounted for in the guideline calculations, the sentencing court did not plainly err by relying on them to justify the upwardly variant sentence.

There is another dimension to the defendant's plaint that his sentence was infected by procedural error. He suggests that the district court weighed "community considerations" too heavily, giving unduly short shrift to his personal circumstances. This suggestion is not accompanied by any developed argumentation and is, therefore, waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). And at any rate, the record reveals that the district court paid due heed to the defendant's circumstances and to the circumstances of the offense. The mere fact of the defendant's disagreement with the district court's balancing of the various aggravating and mitigating factors does not constitute a valid ground for appeal. See United States v. Ruperto-Rivera, 16 F.4th 1, 6 (1st Cir. 2021).

## C

The defendant's last claim of error posits that his upwardly variant 144-month sentence on the firearms count is substantively unreasonable. That claim is deemed to be preserved, see Holguin-Hernandez v. United States, 140 S. Ct. 762, 767 (2020), so our review is for abuse of discretion, see United States v. Bruno-Campos, 978 F.3d 801, 808 (1st Cir. 2020). We discern none.

"In the sentencing context, 'reasonableness is a protean concept.'" United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). In any given case, "there is not a single reasonable sentence but, rather, a range of reasonable sentences." Martin, 520 F.3d at 92. When faced with a complaint of substantive unreasonableness, our role is "to determine whether the [challenged] sentence falls within this broad universe." United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020). In this endeavor, "we cannot substitute our judgment of the appropriate sentence for that of the sentencing court; to the contrary, we must accord significant deference to the court's informed determination that the section 3553(a) factors justify the sentence imposed." Id.

"[T]he hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result." United States v. Rodríguez-Cruz, 997 F.3d 362, 366 (1st Cir. 2021). This remains true even where, as here, the sentence is an upwardly variant one. See Rivera-Morales, 961 F.3d at 21.

In this case, the sentencing court lucidly articulated its sentencing rationale. The court addressed the defendant's age, dependents, education level, personal habits, prior employment, lack of a criminal record, and kindred considerations. It described the firearms and ammunition found in the defendant's

- 10 -

possession, including the two machineguns.  The court noted that "[s]hort of bombs, missiles, and biochemical agents, [it] c[ould] conceive of few weapons that are more dangerous than a machine gun."  Weighing all the pertinent facts and circumstances, the court determined that a 144-month prison sentence was appropriate. We find this rationale plausible.[3]

So, too, the challenged sentence achieves a defensible result.  The offense of conviction was serious:  the defendant possessed seven firearms — two of which were machineguns — and 1,616 rounds of ammunition.  This armamentarium was made all the more sinister by the defendant's simultaneous possession of a significant inventory of drugs.  Given the gravity of the offense and the extent of the firepower that the defendant had assembled, we cannot say that a 144-month term of imprisonment represented an indefensible result.

To say more would be supererogatory.  The firearms sentence, though upwardly variant, was within the "broad universe" of reasonable sentences.  Id.  It follows that the defendant's claim of substantive unreasonableness goes begging.

---

[3] We recently explained that "an adequate explanation for an upward variance and a plausible rationale for that variance are almost always two sides of the same coin." United States v. Valle-Colón, 21 F.4th 44, 50 (1st Cir. 2021).  This is such a case.

## III

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed**.