# United States Court of Appeals
## For the First Circuit

No. 21-1661

UNITED STATES OF AMERICA,

Appellee,

v.

FERNANDO SANTIAGO-LOZADA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Gelpí, Thompson, and Montecalvo,
Circuit Judges.

Rafael F. Castro Lang for appellant.
Gregory B. Conner, Assistant United States Attorney, with
whom W. Stephen Muldrow, United States Attorney, and
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

July 27, 2023

**GELPÍ, Circuit Judge.** Appellant Fernando Santiago-Lozada ("Santiago-Lozada") challenges the procedural and substantive reasonableness of the district court's variant sentence of twenty-four months above the mandatory minimum of sixty months in an 18 U.S.C. § 924(c) count stemming from a carjacking. He posits that his cumulative sentence, which exceeds the 123 months recommended by the parties, was unreasonably based on factors already considered in his guideline sentence range ("GSR") computation and that the district court's justification was also insufficient. For the reasons explained below, we affirm.

## I. BACKGROUND

We recap the salient facts. Where, as here, a sentencing appeal "follow[s] a guilty plea, we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report [("PSR")], and the record of the [sentencing] hearing." United States v. Flores-Nater, 62 F.4th 652, 653 (1st Cir. 2023) (quoting United States v. Melendez-Rosado, 57 F.4th 32, 36 (1st Cir. 2023)).[1]

### A. JANUARY 25th ARMED CARJACKING (COUNTS 7 & 8)

On January 25, 2020, at approximately 2:00 a.m., an adult male ("Victim 1") entered his vehicle, a red 2018 Hyundai Accent parked near "La Placita" in Santurce, Puerto Rico, when

---

[1] Santiago-Lozada did not object below to the PSR. The relevance of this will become apparent infra.

- 2 -

Santiago-Lozada stepped out from a nearby vehicle and pointed a firearm at him. Santiago-Lozada proceeded to pull Victim 1 out of the car and demanded Victim 1's car keys and cell phone. Victim 1 complied. Santiago-Lozada also ripped off the chains Victim 1 was wearing around his neck, and told him to step back or he would shoot him. Victim 1 obeyed. Santiago-Lozada then entered the Hyundai and sat in the driver's seat while another individual who accompanied him took to the passenger seat. They drove away in Victim 1's vehicle.

### B. JANUARY 31ST ARMED CARJAKING (COUNTS 1, 2, 3 & 4)

Six days later, on January 31, 2020, at approximately 12:50 a.m., again in Santurce, Puerto Rico, Santiago-Lozada (along with another individual) carjacked an Uber driver ("Victim 2" or "Uber driver") as he waited by Canals Street for someone to request his services.[2] Both culprits approached the Uber driver's vehicle -- a blue 2017 Kia Forte -- and Santiago-Lozada pointed a firearm at him. The carjackers made the Uber driver move to the backseat. Santiago-Lozada then drove to an ATM nearby so that the Uber driver could withdraw money from his bank account. The Uber driver was unable to complete the transaction, so Santiago-Lozada drove to a different ATM. Santiago-Lozada exited the vehicle and,

---

[2] Both carjackings took place in the same vicinity. The individuals accompanying Santiago-Lozada differed in each instance.

holding a firearm, ordered the Uber driver to withdraw the balance of the account. As the Uber driver withdrew the $340 that was available, Santiago-Lozada stood behind him, pressing the weapon to his waist and threatening to shoot if the Uber driver looked at him. The Uber driver handed the money over. Santiago-Lozada and his partner-in-crime then drove and dropped off the Uber driver at a movie theater in Bayamón, Puerto Rico, and continued away in the carjacked Kia.

### C. RELEVANT PROCEDURAL HISTORY

A federal grand jury charged Santiago-Lozada and a codefendant (not a party to this appeal) in an eight-count indictment. Santiago-Lozada was charged in six counts, the first four (Counts 1-4) related to the January 31st Uber carjacking, while the latter two (Counts 7-8) related to the January 25th carjacking: Counts 1 and 7, carjacking, in violation of 18 U.S.C. § 2119(1) and (2); Counts 2 and 8, using, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii) and (2); Count 3, kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (2); and Count 4, bank robbery, in violation of 18 U.S.C. § 2113(a) and (2).

Santiago-Lozada entered into an agreement with the government in which he would plead guilty to Counts 1, 2, and 7. Counts 1 and 7 pertained to the two carjackings (the January 31

- 4 -

Uber carjacking and the January 25 carjacking, respectively), while Count 2 concerned the use or possession of the firearm in relation to the January 31st carjacking of the Uber driver. For Count 2, the agreement permitted Santiago-Lozada to plead to the lesser included offense of using and carrying a firearm, see § 924(c)(1)(A), rather than to brandishing the same.[3] The parties further recommended an imprisonment sentence of 123 months, which included sixty-three months for the two carjacking counts, to be served concurrently, and sixty months for Count 2 -- the § 924(c) count -- to be served consecutively. The district court accepted Santiago-Lozada's non-binding guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B).

The PSR calculated the applicable sentencing guidelines for both carjacking counts as follows. The January 25th carjacking of Victim 1 (Count 7) carried a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a), plus a five-level enhancement because a firearm was brandished, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), and a two-level enhancement because the robbery involved a carjacking, pursuant to U.S.S.G. § 2B3.1(b)(5), for a total offense level of 27. Meanwhile, the January 31st carjacking of Victim 2 (Count 1)

---

[3] The mandatory minimum penalty for using and carrying a firearm during and in relation to a crime of violence under § 924(c) is five years' imprisonment, whereas the mandatory minimum penalty for brandishing is seven years' imprisonment. See § 924 (c)(1)(A)(i) & (ii).

likewise carried a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a), plus a four-level enhancement because a person was abducted in the commission of the offense, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), and a two-level enhancement because the robbery involved a carjacking, pursuant to U.S.S.G. § 2B3.1(b)(5), for a total offense level of 26. Given that Santiago-Lozada pleaded guilty to Count 2 -- possession of a firearm associated with the January 31st carjacking of the Uber driver -- no additional enhancement was added for the firearm as to Count 1. See U.S.S.G. § 2K2.4, cmt. n.4.

Next, the PSR grouped both carjacking counts. See U.S.S.G. § 3D1.4(a), (b), and (c). This resulted in a combined adjusted offense level of 29. Finally, three points were deducted for Santiago-Lozada's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). As a result, the total offense level for the grouped carjacking offenses was 26 with a criminal history category of I. Santiago-Lozada's advisory GSR for the grouped carjacking counts (Count 1 and 7) amounted to sixty-three to seventy-eight months' imprisonment. Moreover, the § 924(c) count (Count 2) carried a consecutive mandatory minimum of sixty months' imprisonment which is also the applicable guideline sentence. See U.S.S.G. § 2K2.4(b).

During sentencing, the district court at the outset adopted the PSR's unobjected-to guideline calculations. It next

turned to the sentencing factors in 18 U.S.C. § 3553(a), and considered Santiago-Lozada's age, education level, unemployment near the time of his arrest, and consumption of controlled substances, noting that Santiago-Lozada had been hospitalized for hallucinations.

Next, the district court addressed the nature of Santiago-Lozada's offenses of conviction. It highlighted that in the January 25th armed carjacking (Count 7), Santiago-Lozada also ripped the chains from Victim 1's neck and robbed his wallet and cell phone. As to the January 31st armed carjacking (Count 1), the district court emphasized that Santiago-Lozada not only kidnapped Victim 2, but also forced him to withdraw funds from his bank account, all while pressing a gun to his back and threatening to shoot if the Uber driver looked at Santiago-Lozada.

The district court acknowledged the parties' joint sentencing recommendation, however, ultimately disagreed with it: "[A] sentence of 123 months does not reflect the seriousness of the offenses, does not promote respect for the law, does not protect the public from further crimes by [] Santiago[-Lozada], and does not address the issues of deterrence and punishment." As such, the district court imposed a sentence of imprisonment of seventy-eight months for Counts 1 and 7 (the upper end of the applicable GSR) and eighty-four months for Count 2 (twenty-four

months over the mandatory minimum of sixty months imprisonment), to be served consecutively, for a total of 162 months.

Santiago-Lozada sought reconsideration of his sentence, arguing that the plea agreement's recommendation was indeed sufficient.  In his view, mitigating factors -- such as the fact that he was under the influence of drugs while committing the crimes and his age -- should have been given greater weight.  The district court, in turn, displayed photos of the January 31st carjacking provided by the government in discovery.[4] Santiago-Lozada's attorney responded to the district court that "My client . . . accepted responsibility, and he is repentant of what he did."  The district court continued:  "Yes, but this is brandishing.  Not only is it brandishing, but it's otherwise used . . . .  I could have given [Santiago-Lozada] two more points. Your request for reconsideration is denied."  This appeal followed.

## II.   DISCUSSION[5]

"Appellate review of a criminal defendant's claims of sentencing error involves a two-step pavane."  United States v.

---

[4] The photographic evidence was obtained from the ATM's surveillance camera.  The images show the Uber driver withdrawing money while Santiago-Lozada stood behind him holding the firearm to his waist.

[5] In addition to Santiago-Lozada's sentencing arguments, he also makes a case for why his plea agreement's waiver of appeal clause is unenforceable.  The terms of that clause are clear, and the government  does not contend it applies here.  Thus, we need not address the matter any further.

Miranda-Díaz, 942 F.3d 33, 39 (1st Cir. 2019).  "We first examine any claims of procedural error.  If the sentence is procedurally sound, we then examine any claim of substantive unreasonableness." United States v. Ortiz-Pérez, 30 F.4th 107, 111 (1st Cir. 2022).

### A. PROCEDURAL REASONABLENESS

Santiago-Lozada's procedural reasonableness challenge, which makes its debut on appeal, takes aim at the way in which the district court got to its eighty-four-month sentence for Count 2, representing a twenty-four-month upward variance from the sixty-month guideline sentence (which is also the statutory minimum).[6]  See U.S.S.G. § 2K2.4.  Santiago-Lozada was initially charged with two counts of "brandish[ing]" a firearm, 18 U.S.C. § 924(c)(1)(A)(ii), but he ultimately pleaded to a lesser offense of "possess[ing]" a firearm, § 924(c)(1)(A)(i) in Count 2, which related only to the January 31st carjacking, that in Count 1.

According to Santiago-Lozada, the district court's upward variance is procedurally unreasonable because it is unsupported by the record.  In his telling, the only individualized finding -- brandishing of a firearm -- which the district court relied on for its upward variance (as to Count 2's § 924(c) brandishing during the carjacking of the Uber driver), he argues,

---

[6] Santiago-Lozada does not challenge on appeal the imposition of a sentence of seventy-eight months -- the upper end of the applicable guideline as to the carjacking counts (1 and 7) rather than the lower end of sixty-two months recommended by the parties.

was one that it had already taken into account in its calculation of the GSR as to a carjacking count (Count 7, the first carjacking), resulting in a five-level increase there.

The parties agree that our review as to the procedural claim is for plain error because it was not raised at sentencing.[7] "Under the plain error standard, a defendant must show that (1) 'an error occurred,' (2) which was 'clear or obvious,' (3) 'that affected his substantial rights,' and (4) 'seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Vázquez-Martínez, 812 F.3d 18, 23 (1st Cir. 2016) (quoting United States v. Millán-Isaac, 749 F.3d 57, 66 (1st Cir. 2014)). "As the party claiming plain error, [Santiago-Lozada] 'must carry the devoir of persuasion as to all four of these elements.'" United States v. Merced-García, 24 F.4th 76, 80 (1st Cir. 2022) (quoting United States v. Pinkham, 896 F.3d 133, 136-37 (1st Cir. 2018)).

Santiago-Lozada has not carried his plain-error burden. "[W]hen a sentencing court relies on a factor already accounted for by the sentencing guidelines to impose a variant sentence,

---

[7] The government urges that Santiago-Lozada's procedural reasonableness argument is waived for failure to adequately develop the same. Putting the merits of this assertion aside, an answer either way will make no difference to our outcome today, thus we need not address the issue at this time. We thus sidestep the waiver issue and proceed to our plain-error review of Santiago-Lozada's procedural reasonableness argument.

[it] must indicate what makes that factor worthy of extra weight." United States v. Rivera-Berríos, 968 F.3d 130, 136 (1st Cir. 2020) (quoting United States v. Díaz-Lugo, 963 F.3d 145, 155 (1st Cir. 2020)) (second alteration in original). Here, the factor relied on by the district court for its upward variance as to Count 2 -- that Santiago-Lozada brandished and used a firearm during the carjacking of the Uber driver -- was not fully accounted for in the GSR calculus. Count 2 -- one will recall -- is the firearm offense connected to the carjacking of the Uber driver (which was charged as Count 1 of the indictment). There was no adjustment to Count 1 for brandishing or using a firearm. As such, the mandatory minimum for Count 2 did not take into account that during the carjacking of the Uber driver Santiago-Lozada used and brandished a firearm.[8]

"We have made it clear that '[t]he plain error hurdle is high,'" Merced-García, 24 F.4th at 79 (quoting United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989)), and, additionally, "[t]he plain-error bar for challenging a district court's factual

---

[8] Santiago-Lozada's brief points (without elaboration) to United States v. Carrasquillo-Sánchez, 9 F.4th 56 (1st Cir. 2021), for support. There, we found plain error when the sentencing court failed to provide a legally sound explanation for its upward variance "because all the factors on which it relied for [the same] were either already factored into Carrasquillo's GSR or not specific to his case." Id. at 62. In this instance, however, the factor relied upon for increasing Santiago-Lozada's Count 2 sentence was not factored into the GSR.

findings" -- as Santiago-Lozada attempts to do here -- "is especially high," United States v. González-Andino, 58 F.4th 563, 568 (1st Cir. 2023). Given that Santiago-Lozada presented no objections below to the PSR, he now may not dispute the facts therein, "nor can he take issue with the PSR's determinations" regarding his relevant conduct.[9] United States v. Morales-Cortijo, 65 F.4th 30, 34 (1st Cir. 2023); see also United States v. González-Rodríguez, 859 F.3d 134, 137 (1st Cir. 2017) (reasoning that a party's failure to object to the facts laid out in the PSR constitutes an admission of those facts). And because Santiago-Lozada's claimed errors stem from factual findings he never asked the district court to make, "the error[s] cannot be clear or obvious unless he shows that the desired factual finding[s are] the only one[s] rationally supported by the record below." Morales-Cortijo, 65 F.4th at 34 (quoting González-Andino, 58 F.4th at 568). Santiago-Lozada has not made this showing. His claimed errors are based on factual findings the district court adopted

---

[9] The PSR also provided that

> [t]he Court may exercise its discretion by considering a sentence under a variance, pursuant to the provisions of Title 18, U.S.C. § 3553(a). The Court may take into consideration the defendant's history and characteristics, the nature and circumstances of the offense, as well as the need to promote respect for the law and afford adequate deterrence for the crimes committed by the defendant.

- 12 -

from the unobjected-to PSR, and hence are supported by the record. See id.

For the foregoing reasons, Santiago-Lozada's procedural reasonableness claim fails.

**B. SUBSTANTIVE REASONABLENESS**

Santiago-Lozada next argues that his sentence is substantively unreasonable. Below, Santiago-Lozada's counsel argued in the motion for sentence reconsideration that "123 months was more than sufficient." This well-kept the issue for appeal. See Holguín-Hernández v. United States, ___ U.S. ___, 140 S. Ct. 762, 766 (2020) (preservation occurs when a defendant "advocates for a sentence shorter than the one ultimately imposed"). Accordingly, our review is for abuse of discretion. See Flores-Nater, 62 F.4th at 655; United States v. Jurado-Nazario, 979 F.3d 60, 64 (1st Cir. 2020). Santiago-Lozada contends that his sentence is substantively unreasonable because there is no basis for distinguishing his case from the "run-of-the-mill" carjacking offense contemplated by the sentencing guidelines, and because "[n]o particular circumstance was pointed out by the district court to adequately support a varian[t] sentence." United States v. Rivera-Santiago, 919 F.3d 82, 85 (1st Cir. 2019) (alterations in original).

In the sentencing paradigm "reasonableness is a protean concept." United States v. Martin, 520 F.3d 87, 92 (1st Cir.

2008). As such, "'[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes.' Our task, then, is 'to determine whether the [challenged] sentence falls within this broad universe.'" Ortiz-Pérez, 30 F.4th at 113 (quoting first United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011), then United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020)).

Santiago-Lozada engaged in the carjacking of two individuals at gunpoint on two separate occasions -- six days apart. For these crimes and for further unlawfully possessing a firearm, the district court sentenced him to a term of imprisonment of 162 months. The district court concurrently imposed seventy-eight months -- the upper end of the applicable guideline -- as to the carjacking counts (Counts 1 and 7) rather than the lower end recommended by the parties. As to Count 2, it varied upward by twenty-four months over the guideline sentence (which is also the statutory minimum) of sixty months, imposing a sentence of 84 months. Santiago-Lozada argues that said variance is not supported by the record.

"Defendants are entitled to a 'sufficiently particularized and compelling' explanation when they are subject to a significant upward variance." United States v. Carrasquillo-Sánchez, 9 F.4th 56, 62 (1st Cir. 2021) (quoting United States v. Ofray-Campos, 534 F.3d 1, 43 (1st Cir. 2008)).

- 14 -

"It is well established that a district court may vary above or below a guideline range so long as it offer[s] a 'plausible and coherent rationale' for its variance." Rivera-Santiago, 919 F.3d at 85 (quoting United States v. Alejandro-Rosado, 878 F.3d 435, 439 (1st Cir. 2017)) (alteration in original). "When a § 3553(a) consideration is already accounted for in the guideline range, a sentencing court 'must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation.'" Id. (quoting United States v. Guzmán-Fernández, 824 F.3d 173, 177 (1st Cir. 2016)). Unlike a within-the-range sentence, an upwardly variant sentence requires a "heightened" degree of explanation. See United States v. Padilla-Galarza, 990 F.3d 60, 91 (1st Cir. 2021). When -- as in this case -- "a sentencing court imposes a variant sentence, that sentence must be explained, either explicitly or by fair inference from the sentencing record." United States v. Montero-Montero, 817 F.3d 35, 38 (1st Cir. 2016).

The GSR calculated in the PSR and adopted by the district court would apply to a defendant who possessed a single firearm, see U.S.S.G. § 2K2.1(a)(4)(B), and because Counts 1 and 7 were grouped, both carjackings were treated as a single carjacking count, see U.S.S.G. § 3d1.4(a),(b)&(c).

The district court in fact addressed the factors that differentiated Santiago-Lozada's offense from the

- 15 -

"run-of-the-mill" firearm offense contemplated by the guidelines. See Rivera-Santiago, 919 F.3d at 85-86. "Although the appellant may disagree with the relative weight that the court assigned to these factors as opposed to the weight that it assigned to potentially mitigating factors, disagreement over the [district] court's 'choice of emphasis' is not enough to undermine an otherwise plausible sentencing rationale." Padilla-Galarza, 990 F.3d at 91 (quoting United States v. Ledée, 772 F.3d 21, 41 (1st Cir. 2014)).

The district court imposed a variant sentence as to the firearm count, finding it was warranted to reflect the actual seriousness of the offense. The aggravating factors, along with the remainder of the district court's explanation for the sentences, formed a solid foundation for its sentencing rationale. The district court offered a plausible and coherent rationale for its twenty-four-month upward variance considering Santiago-Lozada's overall relevant conduct as it pertains to his use of the firearm in Count 2. When describing the offenses of conviction -- the back-to-back at gunpoint carjackings contained in Counts 1 and 7 (six days apart) and Count 2's possession of a firearm relating to Count 1 -- the district court noted Santiago-Lozada's violent use of a firearm during both incidents. And, it highlighted that Santiago-Lozada pointed his firearm at Victim 2, kidnapped him, threatened to shoot him, and took him to an

- 16 -

ATM and, as the court said, "forced him to debit all the money from his bank account" while pressing the firearm against his waist. This suffices to explain the sentence imposed as to the § 924(c) count. Montero-Montero, 817 F.3d at 38. Moreover, the remaining facts considered by the district court to vary upward as to the § 924(c) count were not used to construe the flat sixty-month guideline for said particular offense (Count 2).[10] See Ortiz-Pérez, 30 F.4th at 115 n.4); cf. United States v. Rivera-Berríos, 968 F.3d 130, 136 (1st Cir. 2020) (quoting United States v. Díaz-Lugo, 963 F.3d 145, 155 (1st Cir. 2020)) ("[W]hen a sentencing court relies on a factor already accounted for by the sentencing guidelines to impose a variant sentence, [it] must indicate what makes that factor worthy of extra weight.").

For purposes of appellate review, a district court's explanation for varying upward should be precise and robust. Although here it arguably did not quite reach this level, the district court nonetheless offered a plausible and sufficiently coherent rationale for the variance. See Guzmán-Fernández, 824 F.3d at 177. The variant sentence imposed as to the § 924(c) count fell comfortably within the wide universe of plausible

---

[10] Although the other § 924(c) offense relating to the January 25th carjacking (Count 8) was dismissed, the district court could well take into account relevant conduct arising thereunder "as long as that conduct was not used in constructing the defendant's guideline range." Ortiz-Pérez, 30 F.4th at 115 n.4 (quoting United States v. Fernández-Garay, 788 F.3d 1, 7 (1st Cir. 2015)).

- 17 -

sentencing outcomes, even when the same is consecutive to the concurrent upper end guideline sentence imposed as to the two carjacking counts. We find no abuse of discretion.

Woven into Santiago-Lozada's arguments is his complaint that the district court failed to consider or "minimiz[ed]" and gave "[in]sufficient weight" to mitigating factors, such as his youth, mental state, and drug use, in fashioning his sentence.[11] We review this preserved claim of error for abuse of discretion, see, e.g., Ortiz-Pérez, 30 F.4th at 113, mindful that "a sentence will be deemed substantively reasonable as long as it rests on "a plausible rationale and . . . represents a defensible result,'" United States v. Rijos-Rivera, 53 F.4th 704, 710 (1st Cir. 2022) (quoting Rivera-Morales, 961 F.3d at 21).

Many of our usual substantive-reasonableness principles are in play here. To begin with, we note that the sentencing court has discretion over the weighing of § 3553(a) factors and we "will not disturb a well-reasoned decision to give greater weight to particular sentencing factors over others." United States v. Caballero-Vázquez, 896 F.3d 115, 120 (1st Cir. 2018) (quoting

---

[11] Generally speaking, it is not abundantly clear whether failure to consider mitigating factors goes to the procedural or substantive reasonableness of a sentence. See United States v. Caballero-Vázquez, 896 F.3d 115, 120 n.1 (1st Cir. 2018). It is difficult to ascertain from Santiago-Lozada's briefing which type of reasonableness (or both) he is arguing. The difference, however, is not material here, so we simply note these ambiguities and move on.

United States v. Santini-Santiago, 846 F.3d 487, 492 (1st Cir. 2017)). Also, "a sentence is not substantively unreasonable simply because the court chose not to attach to certain of the mitigating factors the significance that the defendant thinks they deserve." United States v. Serrano-Delgado, 29 F.4th 16, 30 (1st Cir. 2022) (citations omitted). Moreover, "[m]erely raising potentially mitigating factors does not guarantee a lesser sentence." Id. at 49. "[T]he district court must consider all § 3553(a) factors," but "it need not do so in 'some sort of rote incantation when explicating its sentencing decision.'" Alejandro-Rosado, 878 F.3d at 439 (quoting United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006)); see also United States v. Pupo, 995 F.3d 23, 30 (1st Cir. 2021) ("A district judge need not 'verbalize its evaluation of each and every [§] 3553(a) factor' nor do so in painstaking detail." (quoting United States v. Contreras-Delgado, 913 F.3d 232, 240 (1st Cir. 2019))). "At a minimum, a district judge need only 'say enough for us to meaningfully review the sentence's reasonableness.'" Pupo, 995 F.3d at 30 (quoting United States v. Correa-Osorio, 784 F.3d 11, 28-29 (1st Cir. 2015)).

Each of these principles apply with full force in this substantive-reasonableness challenge, which is readily refuted by the record. The district court here stated that it had considered the § 3553(a) sentencing factors, see United States v. Daoust, 888 F.3d 571, 576 (1st Cir. 2018) (noting that an explicit

- 19 -

statement by the court that it considered all relevant factors is entitled to significant weight), and specifically detailed Santiago-Lozada's age, history of drug use, and hospitalization for hallucinations, cf. Pupo, 995 F.3d at 31. This evidences adequate consideration of mitigating factors. See Alejandro-Rosado, 878 F.3d at 439; see also Serrano-Delgado, 29 F.4th at 30 (finding the district court demonstrated that it considered mitigating factors by expressly noting them); United States v. Santa-Soler, 985 F.3d 93, 99 (1st Cir. 2021) ("[I]t is incorrect to assume -- as the defendant does -- that his failure to persuade the court to impose a more lenient sentence implies that the mitigating factors he cites were overlooked."); Clogston, 662 F.3d at 593 ("That the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable.").

Finding a plausible rationale as well as a defensible result, we conclude that Santiago-Lozada's sentence is substantively reasonable and that the district court, hence, did not abuse its discretion.

## III. CONCLUSION

We need not tarry further. The sentence of the district court is

**AFFIRMED.**